# EXHIBIT 6

EXHIBIT 6



ORIGINAL

0000181233

BEFORE THE ARIZONA CORPORATION C

RECEIVED
AZ CORP COMMISSION
DOCKET CONTROL

2017 JUL 10 P 4: 16

**COMMISSIONERS**
TOM FORESE – Chairman
BOB BURNS
DOUG LITTLE
ANDY TOBIN
BOYD DUNN

Arizona Corporation Commission

DOCKETED

JUL 1 0 2017

DOCKETED BY
GB

| | |
|---|---|
| FORMAL COMPLAINT OF DELTON MUNDAY AND THOSE SIMILARLY SITUATED AGAINST THE ARIZONA CORPORATION COMMISSION, JOHNSON UTILITIES, LLC AND NON-PUBLIC SERVICE COMPANIES, R&R PARTNERS INC., JOHNSON INTERNATIONAL INC. | **DOCKET NO. WS-02987A-17-0192**<br><br>**STAFF'S MOTION TO DISMISS** |

I.    **INTRODUCTION.**

The Arizona Corporation Commission ("Commission") Utilities Division ("Staff") hereby files its Motion to Dismiss the Complaint filed by Delton Munday and those similarly situated (collectively, "Munday"), on the following grounds.  Munday's Complaint was brought under Arizona Revised Statutes ("A.R.S.") § 40-246, which provides the Commission with jurisdiction to hear complaints against regulated public service corporations only.  As a matter of law, the Complaint cannot state a § 40-246 claim against the Commission or against entities that are not regulated by the Commission.[1]  Therefore, the Commission must be dismissed as a Defendant to this formal Complaint.  Counts Two through Eight of the Complaint should also be dismissed under Ariz. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) or 12(b)(6) (failure to state a claim upon which relief can be granted).

II.    **BACKGROUND.**

On June 19, 2017, Munday and those similarly situated[2] filed a formal complaint pursuant to A.R.S. § 40-246 and Arizona Administrative Code ("A.A.C.") R14-3-106(L), against the

---

[1]  The Complaint also improperly names two other entities as Defendants that are not regulated by the Commission: R&R Partners Inc. and Johnson International Inc.  Because these entities are not public service corporations they should be dismissed as well.

[2]  Munday seeks designation as a class pursuant to A.A.C. R14-3-104(c) and Ariz. R. Civ. P. 23 consisting "of individuals who have actually paid an increased sum of money to Johnson Utilities as a direct and proximate result of the passage of ACC Decision # 72579."  Complaint at 5. Munday also requests that Delton Munday be appointed as class representative.

Commission; Johnson Utilities, LLC ("Johnson Utilities"); one of Johnson Utilities' unregulated affiliates, Johnson International Inc., ("Johnson International"); and R&R Partners, Inc. ("R&R Partners").[3] Pursuant to A.R.S. § 40-246, the Complaint contained the signatures of thirty-two (32) users and consumers of water and wastewater products provided by Johnson Utilities.  Munday's Complaint states that it is brought on behalf of Munday and the signatories and all those similarly situated, and it seeks class designation under A.A.C. R14-3-104(c).

The various counts and allegations in the Complaint arise from a recent indictment filed in the United States District Court for the District of Arizona by the United States of America against a former Commissioner and others, alleging bribery, mail fraud, wire fraud and conspiracy.[4] The indictment refers to several Commission decisions adopted while former Commissioner Gary Pierce was a member (2007 to 2015).

There are eight counts in the Complaint which allege civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, Conspiracy, Constructive Fraud, Aiding and Abetting, Breach of Contract and Bad Faith.  The Complaint seeks a refund of monies (that would not have been paid but for ACC Decision No. 72579), including interest under the Arizona RICO Act and A.R.S. § 12-248); treble damages and attorney's fees (pursuant to the Arizona RICO Act); attorney's fees pursuant to the private attorney general doctrine, the common fund doctrine and A.R.S. § 12-341.01; punitive damages (with respect to constructive fraud, bad faith and conspiracy);[5] rescission of Commission Decision No. 72579; and a finding of joint and several liability with respect to all sums requested, pursuant to A.R.S. § 12-2506(d).

. . .

. . .

. . .

---

[3] R&R Partners is not affiliated with Johnson Utilities but is affiliated with James Norton, a person named in the recent indictment involving Johnson Utilities. *United States v. Pierce, et al.*, CR-17-00713-PHX-JJT (D. Ariz. May 23, 2017).
[4] *Id.*
[5] While not expressly stated in Count Eight, the Complaint also appears to seek compensatory damages in several Counts.

III.     **ARGUMENT.**

A.     **Standard for Motion to Dismiss.**

The Arizona Administrative Code Rules of Practice and Procedure govern in all cases before the Commission.[6]  To the extent they do not conflict with the A.A.C. Rules, the Rules of Civil Procedure for the Superior Courts of Arizona shall govern.[7]  Because the A.A.C. is silent as to the basis on which a motion to dismiss is to be made, the Rules of Civil Procedure govern here.

Arizona Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  A motion to dismiss shall be granted when the complainant cannot prove any set of facts that would entitle him to relief under the authority cited.[8]  "Conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts" are not accepted by the Court as true allegations.[9]

B.     **The Commission Must be Dismissed as a Defendant to this Formal Complaint.**

Munday filed a formal Complaint pursuant to A.R.S. § 40-246 and included the Commission as a defendant.  A.R.S. § 40-246 does not allow for suits against the Commission itself.  Instead, A.R.S. § 40-246 authorizes complaints for violations of law, rule, or commission orders *by public service corporations* only.  Thus, the statute permits complaints against entities regulated by the Commission *only*.[10]

Nothing in the statute allows a complaint to be filed against the Commission or against entities that are not public service corporations subject to the Commission's jurisdiction.  As a matter of law, the Complaint cannot state a § 40-246 claim against the Commission or against entities that

---

[6] A.A.C. R14-3-101.
[7] *Id.*
[8] *See,* e.g., *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589 (1983); *Southwestern Paint & Varnish Co. v. Arizona Dept. of Envir. Quality*, 191 Ariz. 40 (App. 1997), review granted, affirmed in part 194 Ariz. 32; and *Williams v. Williams*, 23 Ariz. App. 191 (1975).
[9] *Stauffer v. Premier Serv. Mortg., LLC*, 240 Ariz. 575, 578 (App. 2016) *quoting Jeter v. Mayo Clinic Arizona*, 211 Ariz. 386, 389 (App. 2005).
[10] A.R.S. § 40-246.

3

are not regulated by the Commission.  The Commission must, therefore, be dismissed as a defendant in this case.

### C.    Count One Should be Stayed Pending the Conclusion of the Criminal Proceedings in the Arizona Federal District Court.

The only named defendant and claim over which the Commission arguably has statutory subject matter jurisdiction is Count One, raised against Johnson Utilities brought pursuant to A.R.S. § 40-246.    In Count One, Munday seeks total rescission of Decision No. 72579, which it claims "obtained its third vote for passage only by means of an illegal agreement, culminating in bribery and fraud."[11]    Munday requests "full reparations of all charges which would not have been passed through, but for ACC Decision No. 72579 and interest thereon, pursuant to A.R.S. § 12-248."[12]

The factual allegations found throughout Count One are the subject of a criminal case pending in the U.S. District Court for the District of Arizona.[13]  Whether to permit parallel criminal and civil proceedings is within the discretion of the reviewing court.[14]  In deciding whether to grant a stay of a civil proceeding pending the outcome of a parallel criminal proceeding, the court should consider a number of factors, including whether civil and criminal proceedings involve the same subject matter, and whether resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case.[15]

The Complaint's factual allegations include the same facts as alleged in the eight counts contained in the Indictment filed on May 23, 2017 pertaining to fraud, bribery and conspiracy.[16]  That criminal case remains open, and the trial is set for October 3, 2017.[17]  The conclusion of the criminal case proceedings has the potential to moot, clarify and/or affect any outcome in the Munday Complaint.  The subject of the Complaint's Count One is, therefore, premature.  Count One of Munday's Complaint should be stayed pending resolution of the criminal case.

---

[11] Compl. at 5.
[12] *Id.*
[13] *U.S. v. Pierce, et al.*, No. CR-27-00713-PHX-JJT (D. Ariz. May 23, 2017).
[14] *State v. Ott*, 167 Ariz. 420, 429, 808 P.2d 305, 314 (App. 1990).
[15] *Ott*, 167 Ariz. at 429, 808 P.2d at 314.
[16] *U.S. v. Pierce, et al.*, No. CR-1700713-PHX-JJT.
[17] *Id.*, Order June 30, 2017, ECF No. 33.

4

**D.     Counts Two Through Eight of the Complaint Must be Dismissed For Lack of Subject Matter Jurisdiction and/or For Failure to State a Claim upon Which Relief Can be Granted.**

The Commission should dismiss Counts Two through Eight of the Complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.  Although A.R.S. § 40-246(A) provides a cause of action against a public service corporation for a claimed violation of "any" provision of law, the Commission's jurisdiction is limited to the enforcement of the laws affecting public service corporations, *the enforcement of which is not specifically vested in some other officer or tribunal . . . ."*[18] Thus, claims brought pursuant to a statute that vests jurisdiction exclusively in the Superior Court cannot be heard by the Commission.  Similarly, the Commission has recognized that the "Superior Court should decide 'traditional civil law claims' by a customer against a utility including those based on common law actions" such as those grounded in tort and breach of contract. [19]

**1.     The Superior Court has exclusive jurisdiction over Count Two of the Complaint.**

Count Two of the Complaint alleges violations of the civil RICO statute, A.R.S. § 13-2314.04,[20] which vests exclusive jurisdiction in the Superior Court. A.R.S. § 13-2314.04(B). Subpart B provides:

> The Superior Court has jurisdiction to prevent, restrain, and remedy a pattern of racketeering activity or a violation of § 13-2312 involving a pattern of racketeering activity, after making provision for the rights of all innocent persons affected by the violation and after a hearing or trial, as appropriate, by issuing appropriate orders.

---

[18] A.R.S. § 40-421.

[19] *Rattlesnake Pass, L.L.C. v. Tucson Electric Power Co.*, Docket No. E–01933A–10–0125, Decision No. 73561, at 15–16, ¶¶ 43–44, (Ariz. Corp. Comm'n Oct. 17, 2012) *citing Trico Elec. Co-op. v. Ralston*, 67 Ariz. 358, 365, 196 P.2d 470, 474 (1948); *Qwest Corp. v. Kelly*, 204 Ariz. 25, 32, 59 P.3d 789, 796 (App. 2002); *Campbell v. Mountain States Tel. & Tel. Co.*, 120 Ariz. 426, 432, 586 P.2d 987, 993 (App. 1978).

[20] This Motion assumes the Complaint's citation to A.R.S. § 23-1404 at Count Two is a typographical error, as A.R.S. § 23-1404 does not exist and A.R.S. § 13-2314.04 is Arizona's civil RICO statute.

Because exclusive jurisdiction lies in the Superior Court under the Arizona RICO statute, the Commission lacks subject matter jurisdiction over Count Two.   Count Two must be dismissed with prejudice.

### 2.   The Commission lacks subject matter jurisdiction over the claims in Count Three.

Count Three alleges a conspiracy involving all parties or named defendants.  The alleged conspiracy in Count Three relates directly to the federal crimes under review in the aforementioned criminal investigation.  Count One of the indictment alleges a conspiracy under 18 U.S.C. § 371.  Staff believes the proper forum to determine whether a conspiracy existed in conjunction with the crimes alleged in the indictment is the Arizona District Court, not the Commission.[21]

Finally, the remedy sought with respect to this count appears to be punitive damages and a finding that all named defendants are jointly and severally liable.[22]  Arizona courts have long held that the Commission does not have jurisdiction to award money damages.[23]  This is a judicial power vested in the Courts.[24]  Count Three must be dismissed with prejudice due to lack of subject matter jurisdiction.

### 3.   Count Four should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Count Four of the Complaint alleges Constructive Fraud by the Commission and Johnson Utilities.  The Complaint alleges that both the Commission and Johnson Utilities had a fiduciary obligation to Munday and that both entities breached those duties by conduct that was fraudulent.  Munday asserts this deception violated public confidence and injured public interests, proximately causing damages to Munday.

---

[21] Further, when the defendants who are not proper parties under A.R.S. § 40-246 are dismissed, Johnson Utilities is the only remaining party.  A conspiracy must involve at least two parties. A.R.S. § 13-1003. Because Johnson Utilities cannot conspire with itself, Count Three must be dismissed on this basis alone.

[22] *See* Compl. at 7, Count Three.

[23] *See Michael R. Turney v. Qwest Corp.*, Commission Docket No. T-01051B-02-0193, Decision No. 65425 (Nov. 20, 2002) *citing Easton v. Broomfield*, 116 Ariz. 576, 582 (1977) and *Trico Electric Co-op v. Ralston*, 67 Ariz. 358, 363, 196 P.2d 470, 473 (1948).

[24] *Id.*

As discussed above, A.R.S. § 40-246 does not allow complaints against the Commission itself. Count Four does not provide any citations to case law to support the nature of the duty owed to Munday by Johnson Utilities.  The Complaint furthermore fails to distinguish whether the claim is based on a common law duty or is a duty arising by statute.  In addition, the remedies sought by Munday are compensatory and punitive damages.[25]  As discussed, the Commission has no authority to award damages – this authority is solely a judicial function vested in the Superior Court.  Even if Munday were to amend this Count, he is seeking a remedy that the Commission is without authority to award (compensatory and punitive damages).  This is something that he cannot cure through amendment.  Thus, Count Four should be dismissed with prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

### 4.    *Count Five is against parties that are not regulated by the Commission and thus must be dismissed with prejudice.*

In Count Five, Munday alleges that R&R Partners and Johnson International knew that the conduct of the Commission and Johnson Utilities' constituted a breach of duty and substantially assisted and encouraged said breach causing damages.  In other words, Munday alleges that R&R Partners and Johnson International aided and abetted the breach of the Commission's and Johnson Utilities' duties toward Munday.

A.R.S. § 40-246 provides for complaints against public service corporations only. This Count alleges aiding and abetting violations by the two defendants that are not regulated by the Commission.  In addition, Munday requests damages under this Count over which the Superior Court has jurisdiction, not the Commission.  This Count must be dismissed with prejudice.

### 5.    *Count Six fails to state a claim upon which relief can be granted.*

In Count Six, Munday alleges that it had an enforceable contract with Johnson Utilities. According to Munday, Johnson Utilities' acts constitute a breach of said contract with damages resulting to Munday.  The basis for this Count is not clear. There are insufficient facts alleged by Munday in this Count regarding the contract itself, and whether it is an actual contract he is referring

---

[25] *See* Compl. Count Eight, item (e).

1   to or whether some common law duty in a nature of a contract is being alleged. In addition, there is

2   no legal underpinning that would give the defendants notice as to the nature of the breach and the

3   basis for damages claimed.  In addition, Munday appears to once again be seeking "damages" that

4   can only be awarded by a court with jurisdiction over the matter.  Based upon these defects, Court

5   Six should be dismissed with prejudice.[26]

6

7   **6.      There are insufficient facts alleged in Count Seven to survive a 12(b)(6) motion.**

8       Under Count Seven of the Complaint, Munday again does not allege sufficient facts to

9   support the claims made.  Munday claims in Count Seven that it had an enforceable contract with

10  Johnson Utilities.  Munday further states that the contract has an implied covenant of good faith and

11  fair dealing.  Munday alleges that Johnson Utilities' acts constitute bad faith breach of the contract

12  with damages resulting to Munday and those similarly situated.  But Munday offers no information as

13  to the contract itself and whether it arises from an actual contract between the parties or is grounded

14  in a common law theory.

15      One must assume that it is grounded in common law, because Munday refers to a "special

16  relationship," which implies that he is relying upon some common law theory to support his

17  allegations.  This, combined with the fact that Munday is once again seeking money damages for

18  breach of the contract, would make the allegations in this Count more appropriate for the Superior

19  Court to resolve.   Money damages can only be awarded by a court with jurisdiction over the

20  matter.[27]  Count Seven should be dismissed with prejudice.

21  . . .

22  . . .

23  . . .

24  ---

[26] While Munday could amend his Complaint to include a sufficient factual and legal basis for Count
25  Six, it would be to no avail if the Commission is without authority to order the remedy he is
seeking, *i.e.*, damages.

26  [27] *See Michael R. Turney v. Qwest Corp.*, Commission Docket No. T-01051B-02-0193, Decision No.
65425 (Nov. 20, 2002) *citing Easton v. Broomfield*, 116 Ariz. 576, 582 (1977) and *Trico Electric
27  Co-op v. Ralston*, 67 Ariz. 358, 363, 196 P.2d 470, 473 (Ariz. 1948).

28                                                              8

### 7. *Count Eight – joint and several liability (all).*

The allegation of joint and several liability under A.R.S. § 12-2506(d) is moot within the context of A.R.S. §§ 40-246 and 40-248 in light of the mandatory dismissal of all named parties except Johnson Utilities and the mandatory dismissal of Counts Two through Seven. Until, and unless, Munday amends his Complaint to reflect proper entities and claims, Count VIII must be dismissed pursuant to Rules 8(a) and 12(b), Ariz. R. Civ. P.

## IV.    CONCLUSION.

The Commission is without jurisdiction to grant Munday relief except as provided in A.R.S. § 40-248.  To the extent relief is available under the statute, Munday's only viable claim, brought against Johnson Utilities in Count One, is premature while parallel criminal proceedings are ongoing. Count One against Johnson Utilities should be stayed until this parallel case has concluded, at which point the Commission will be better positioned to consider the allegations.  The remaining Counts Two through Eight, and the other named defendants, including the Commission, must be dismissed with prejudice as a matter of law.  To the extent any of the remaining Counts are not dismissed, they should also be stayed, pending the conclusion of the criminal proceedings in the Federal District Court.

RESPECTFULLY SUBMITTED this 10th day of July, 2017.

Maureen A. Scott
Deputy Chief of Litigation & Appeals
Naomi E. Davis, Staff Attorney
Legal Division
Arizona Corporation Commission
1200 West Washington Street
Phoenix, Arizona 85007
(602) 542-3402
mscott@azcc.gov
ndavis@azcc.gov

On this 10th day of July, 2017, the foregoing document was filed with Docket Control as an Utilities Division Motion to Dismiss, and copies of the foregoing were mailed on behalf of the Utilities Division to the following who have not consented to email service. On this date or as soon as possible thereafter, the Commission's eDocket program will automatically email a link to the foregoing to the following who have consented to email service.

Elijah O. Abinah
ARIZONA CORPORATION COMMISSION
Director – Utilities Division
1200 West Washington Street
Phoenix Arizona 85007

B. Lance Entrekin
THE ENTREKIN LAW FIRM
5343 North 16th Street
Suite 200
Phoenix Arizona 85016

By: _____
Assistant to Maureen A. Scott

Andy Kvesic
ARIZONA CORPORATION COMMISSION
Director – Legal Division
1200 West Washington Street
Phoenix Arizona 85007
akvesic@azcc.gov
LegalDiv@azcc.gov
**Consented to Service by Email**

Gary A. Drummond
5230 E. Shea Boulevard, Suite 200
Scottsdale Arizona 85254

# EXHIBIT 7

**EXHIBIT 7**

ORIGINAL

0000181579

1  **FREDENBERG BEAMS**
   Daniel E. Fredenberg – 020158
2  Christian C. M. Beams – 019672
   Catherine S. Adams – 023463
3  4747 N. 7th Street, Suite 402
   Phoenix, Arizona 85014
4  Telephone: 602/595-9299
   Email: dfredenberg@fblegalgroup.com
5  Email: cbeams@fblegalgroup.com
   Email: cadams@fblegalgroup.com
6
   Attorneys for Johnson Utilities, LLC,
7  and Johnson International, Inc.

8

RL
AZ CORP COMMISSION
DOCKET CONTROL

2017 JUL 26  A 8: 23

Arizona Corporation Commission
**DOCKETED**

JUL 2 6 2017

DOCKETED BY
GB

9           **BEFORE THE ARIZONA CORPORATION COMMISSION**

10  COMMISSIONERS

11  TOM FORESE, Chairman
    BOB BURNS
12  DOUG LITTLE
    ANDY TOBIN
13  BOYD W. DUNN

14

15  FORMAL COMPLAINT OF DELTON          No.  WS-02987A-17-0192
    MUNDAY AND THOSE SIMILARLY
16  SITUATED AGAINST THE ARIZONA
    CORPORATION COMMISSION,             **JOHNSON UTILITIES, LLC AND**
17  JOHNSON UTILITIES LLC AND NON       **JOHNSON INTERNATIONAL,**
    PUBLIC SERVICE COMPANIES R&R        **INC.'S REPLY IN SUPPORT OF**
18  PARTNERS INC., JOHNSON              **THEIR MOTION TO DISMISS**
    INTERNATIONAL, INC.
19

20

21          Respondents Johnson Utilities, LLC and Johnson International Inc. (collectively,

22  "Johnson") hereby reply in support of their Motion to Dismiss the Complaint.

23          The Response to Johnson's Motion to Dismiss fails to provide any legal basis upon

24  which the Commission may adjudicate any of the counts contained in the Complaint.  Even

25  the Complainants concede that many of their counts are within the jurisdiction of the Superior

26  Court, rather than the Commission. This Reply is supported by the following Memorandum

27  of Law.

28

1

**MEMORANDUM OF LAW**

2    **I.    THE LEGISLATURE HAS PRESCRIBED THE PROCEDURE BY WHICH A**
     **PARTY MAY OBTAIN RELIEF FROM AN ORDER OF THE COMMISSION.**
3    **SUCH   NARROWLY   TAILORED   PROCEDURE   HAS   NOT   BEEN**
     **FOLLOWED HERE AND IS FATAL TO THE COMPLAINT.**
4

5           While tacitly admitting that the Superior Court has exclusive jurisdiction over the

6    Complaint, the Response is centered on a request of this forum to make decisional law by

7    applying the "discovery rule."   There is no decisional or statutory authority for such a

8    sweeping pronouncement.  More problematic for that argument, however, is that the plain

9    language of the statutes themselves, A.R.S. §§40-254(A) and 40-254.01(A), necessarily

10   preclude the mischaracterization of Arizona law advanced in the Response, which seeks to

11   engraft the "discovery rule" into the appellate procedure for review of an Order from the

12   Commission.

13          The Response fails to meaningfully address the following three impediments to the

14   continued prosecution of the Complaint.  First, Complainants were not parties to the original

15   proceeding in Docket WS-02987A-08-0180 and therefore lack standing to challenge

16   Decision 72579 at this late date.  Second, Decision 72579 was issued on September 15, 2011,

17   and no party in the docket filed for rehearing of that decision within the 20-day period set

18   forth in A.R.S. § 40-253(A).   Thus, with no request for rehearing, Decision 72579 became

19   final (and non-appealable) on October 5, 2011.  A.R.S. § 40-254(A) states in relevant part as

     follows:

20           Except as provided in section 40-254.01, any party in interest, or the attorney
             general on behalf of the state, being dissatisfied with an order or decision of
21           the commission, **may within thirty days after a rehearing is denied or**
             **granted, and not afterwards, commence an action in the superior court**
22           in the county in which the commission has its office, against the commission
             as defendant, to vacate, set aside, affirm in part, reverse in part or remand
23           with instructions to the commission such order or decision on the ground that
             the valuation, rate, joint rate, toll, fare, charge or finding, rule, classification
24           or schedule, practice, demand, requirement, act or service provided in the
             order or decision is unlawful, or that any rule, practice, act or service
25           provided in the order is unreasonable. (Emphasis added.)
26

27

28   Similarly, A.R.S. § 40-254.01(A) states as follows:

> The attorney general on behalf of the state or **any party to a proceeding before the commission** who is dissatisfied with any order of the commission involving public service corporations and **relating to rate making or rate design pursuant to sections 40-243, 40-246, 40-250 and 40-251 may file within thirty days after a rehearing is denied or granted, and not afterwards, a notice of appeal in the court of appeals** to vacate, set aside, affirm in part, reverse in part or remand with instructions to the commission the order if the court of appeals determines upon a clear and satisfactory showing that the order is unlawful or unreasonable. (Emphasis added.)

Thus, the Legislature has established the following:  (1) claims for relief from the Order is limited to **a party which appeared in the proceeding** that is being challenged – here the Complaint alleges A.R.S. §40-246; (2) jurisdiction lies exclusively in the Superior Court or Court of Appeals; and (3) such jurisdiction only commences upon the denial of a request for rehearing by the Commission.  There is nothing ambiguous in the statutes governing modification of an order which would permit even a statutory construction analysis, *much less* an interpretation that the "discovery rule" applies to extend the 30-day appeal period *indefinitely* as proposed in the Response.

Finally, Decision 72579 remains a valid and final order of the Commission today. A.R.S. § 40-252 provides that "[i]n all collateral actions or proceedings, the orders and decisions of the commission which have become final shall be conclusive."  Thus, the Complaint is an impermissible collateral attack on a final and conclusive order of the Commission, and the action should be dismissed.

## II.    THE COMMISSION LACKS JURISDICTION TO ADJUDICATE THE COMPLAINT.

As explained in depth in Johnson's Motion to Dismiss and below, none of the claims in the Complaint can be properly adjudicated before the Commission.

///

3

### A.   THE PROPER ADMINISTRATIVE BODY TO ADJUDICATE COMPLAINANTS' CLAIMS REGARDING RATES AND CHARGES IS THE SUPERIOR COURT OR THE COURT OF APPEALS.

The plain language of the statutes is clear – if a rehearing is denied, the proper course of action is to appeal to the Superior Court or the Court of Appeals. *See* A.R.S. §§40-254(A) and 40-254.01(A).

Specifically, A.R.S. 40-254(A) states that a party in interest "being dissatisfied with an order or decision of the commission, may within thirty days after a rehearing is denied or granted, and not afterwards, ***commence an action in the superior court***." (Emphasis added).

Likewise, A.R.S. §40-254.01, which specifically encompasses A.R.S. S40-246, states that the attorney general **or a party** to a proceeding who is dissatisfied with a Commission's order "may file within thirty days after a rehearing is denied or granted, and not afterwards, ***a notice of appeal in the court of appeals.***" (Emphasis added).

Given the plain language of the statutes, it is clear that the Commission is not the proper body to adjudicate the Complaint.  Complainants' misuse of *Scates v. Arizona Corp. Commission*, 578 P.2d 612, 118 Ariz. 531 (App. 1978) is yet another red herring and must not be considered by the Commission.  Complainants falsely argue that *Scates* held that a complaint was properly filed with the commission before the courts.  Response, p. 2:25-26.  In fact, the complainants in the *Scates* matter followed the proper statutory procedures and filed a motion for rehearing after a Commission order was entered.  After the motion for rehearing was denied, the complainants then filed an action in the Superior Court.  *Scates*, 579 P.2d at 614.  Complainants' reliance on *Scates* to justify their untimely and improper Complaint is disingenuous.  Complainants, unlike in the *Scates* complainants, failed to request a rehearing within the statutory time period permitted.

Pursuant to the plain language of the statutes, the Complainants claims' regarding rates and charges must be considered only by the Superior Court or the Court of Appeals.

### B.   COMPLAINANTS' CIVIL CLAIMS WERE IMPROPERLY BROUGHT BEFORE THE COMMISSION.

In its Motion to Dismiss, Johnson argues that pursuant to A.R.S. § 12-122, jurisdiction over Complainants remaining civil claims lies exclusively with the Superior Court.  In fact,

Complaints concede that Counts Five through Eight, to the extent they are filed against non-public utility parties, should have been brought before the Superior Court, rather than the Commission. *See* Response, p. 5:7.

Complainants failed to respond to Johnson's argument that Complainants' claims for conspiracy, constructive fraud, aiding and abetting, breach of contract, bad faith and joint and several liability are only properly brought before the Superior Court pursuant to A.R.S. §12-122. Thus, Complainants have conceded that Counts Three (Conspiracy), Four (Constructive Fraud), Five (Aiding and Abetting), Six (Breach of Contract), Seven (Bad Faith) and Eight (Joint and Several Liability) are not proper before the Commission and must be dismissed.

Complainants' only jurisdictional argument with respect to Counts Two through Eight is that the Civil RICO statute (Count Two), which specifically provides that claims should be brought before the Superior Court, does not specifically prohibit the filing of a civil RICO claim before the Commission. This argument goes against the plain language of the statute. A.R.S. §13-2314.04(B) states that the "***superior court has jurisdiction*** to prevent, restrain and remedy a pattern of racketeering activity or a violation of section 13-2312 involving a pattern of racketeering activity…" By arguing that because the statute does not prohibit filing a civil RICO claim before the Commission, such a filing is permitted goes against the basic rules of statutory construction. "The primary rule of statutory construction is to find and give effect to legislative intent." *Lavidas v. Smith,* 195 Ariz. 250¶ 8, 987 P.2d 212, 214 (App. 1999), *quoting Mail Boxes, Etc., U.S.A. v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). "A statute's language is 'the best and most reliable index' of its meaning." *Trust v. County of Yuma*, 205 Ariz. 272, ¶ 11, 69 P.3d 510, 512 (App. 2003), *quoting Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). If the legislature had intended for civil RICO claims to be filed before the Commission, it would have provided for it in A.R.S. §13-2314.04(B).

1  ## III.   CONCLUSION.

2       For the foregoing reasons, the Complaint must be dismissed with prejudice in its

3  entirety.

4       RESPECTFULLY SUBMITTED this 25th day of July, 2017.

5                                          **FREDENBERG BEAMS**

6                           By:

7                                          Daniel E. Fredenberg

                                           Christian C. M. Beams

8                                          Catherine S. Adams

                                           Attorneys for Johnson Utilities, LLC,

9                                          and Johnson International, Inc.

10

11  **ORIGINAL** and 13 copies of the foregoing filed

    this 25th day of July, 2017, with:

12

13  Docket Control

    Arizona Corporation Commission

14  1200 West Washington

    Phoenix, Arizona 85007-2996

15

16  COPY of the forgoing sent this 25th day

    of July, 2017 to the following:

17

18  B. Lance Entrekin, Esq.

    lance@entrekinlaw.com

19  administrator@entrekinlaw.com

    The Entrekin Law Firm

20  5343 North 16'" Street, Suite 200

    Phoenix, AZ 85016

21  **Consented to Service by Email**

22

    Andy Kvesic, Director

23  LegalDiv@azcc.gov

    utildivservicebvemai1@azcc.gov

24  LegalDivision

    ARIZONA CORPORATION COMMISSION

25  1200 West Washington Street

    Phoenix, AZ 85007

26  **Consented to Service by Email**

27

28  _____

                        6

# EXHIBIT 8

EXHIBIT 8

0000183979

1

**BEFORE THE ARIZONA CORPORATION C~~OMMISSION~~**

2

COMMISSIONERS

3

TOM FORESE – Chairman
BOB BURNS

4

ANDY TOBIN
BOYD DUNN

5

JUSTIN OLSON

Arizona Corporation Commission
DOCKETED

NOV 1 7 2017

DOCKETED BY
*Nh*

6

7

IN THE MATTER OF THE FORMAL COMPLAINT
OF DELTON MUNDAY AND THOSE SIMILARLY

8

SITUATED AGAINST THE ARIZONA
CORPORATION COMMISSION, JOHNSON

9

UTILITIES, LLC, AND NON PUBLIC SERVICE
COMPANIES R&R PARTNERS, INC., AND

10

JOHNSON INTERNATIONAL, INC.

DOCKET NO. WS-02987A-17-0192

DECISION NO. ___76467___

**ORDER**

11

Open Meeting
November 7, 2017

12

Phoenix, Arizona

13

**BY THE COMMISSION:**

14

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

15

Having considered the entire record herein and being fully advised in the premises, the Arizona

16

Corporation Commission ("Commission") finds, concludes, and orders that:

17

**FINDINGS OF FACT**

18

**I.    Procedural History**

19

1.       On June 19, 2017, Delton Munday, et al. ("Munday Group" or "Complainants")[1]  filed

20

a Formal Complaint ("Complaint") with the Commission against the Commission, Johnson Utilities,

21

LLC ("Johnson Utilities"), Johnson International, Inc. ("Johnson International"), and R&R Partners,

22

Inc. ("R&R") (collectively "Respondents").

23

2.       On July 10, 2017, the Commission's Utilities Division ("Staff") filed a Motion to

24

Dismiss.

25

3.       Also on July 10, 2017, Johnson Utilities and Johnson International (collectively

26

"Respondents Johnson") filed a Motion to Dismiss.

27

28

[1] The Munday Group is comprised of thirty-two water and wastewater customers of Johnson Utilities, LLC.

4.     On July 13, 2017, the Munday Group filed a Response to Respondents Johnson's Motion to Dismiss.

5.     Also on July 13, 2017, the Munday Group filed a Response to Staff's Motion to Dismiss.

6.     On July 14, 2017, R&R filed a Joinder in Staff's Motion to Dismiss.

7.     On July 26, 2017, Respondents Johnson filed a Reply in Support of their Motion to Dismiss.

8.     Staff did not file a Reply in support of its Motion to Dismiss.

**II.     Complaint**

9.     The Munday Group is comprised of thirty-two water and wastewater customers of Johnson Utilities. The various counts and allegations contained in the Complaint arise from a recent indictment filed by the United States of America in the United States District Court of Arizona against, among others, former Commissioner Gary Pierce, alleging bribery, mail fraud, wire fraud, and conspiracy (the "federal trial").[2]  The Complaint alleges that former Commissioner Gary Pierce accepted bribes from Mr. George Johnson, owner of Johnson Utilities and Johnson International, in exchange for voting in favor of Johnson Utilities on matters before the Commission.

10.     In Count One, the Munday Group alleges that Johnson Utilities illegally bribed former Commissioner Gary Pierce to obtain the deciding vote necessary to pass Decision No. 72579 (September 15, 2011).[3]  As relief, the Munday Group requests a total rescission of Decision No. 72579, and, pursuant to A.R.S. § 40-248(A),[4] an award of full reparations for all rate charges (plus interest) authorized by the Commission as a result of that Decision.

11.     In Count Two, the Munday Group asserts a claim against all Respondents for violations

---

[2] *United States v. Pierce, et al.*, CR-17-00713-PHX-JJT (D. Ariz. May 23, 2017).

[3] Decision No. 72579 ordered, among other things, the change of the wastewater late fee from $40.00 per month to 1.5% per month; the addition of $18,244,755 in previously disallowed wastewater plant; the reinstatement of hook-up fees for the water and wastewater divisions; the establishment of a rate of return of 8.0% for the wastewater division; and the authorization for the Company to petition the Commission to update its rates to allow the recovery of income tax expense. That Decision passed by a vote of three to one, with one vote being excused.

[4] A.R.S. § 40-248(A) provides, in pertinent part:
When complaint is made to the commission concerning any rate…or charge by any public service corporation, and the commission finds, after investigation, that the corporation has made an excessive or discriminatory charge, the commission may order that the corporation make reparation to the complainant with interest at the legal rate from the date of collection….

DOCKET NO. WS-02987A-17-0192

of Arizona's civil Racketeer Influenced and Corrupt Organizations Act ("RICO").[5]   As relief, the Munday Group requests treble damages and attorneys' fees under the RICO statute.

12.    In Count Three, the Munday Group asserts a claim against all Respondents for conspiracy.  As relief, the Munday Group requests punitive damages.

13.    In Count Four, the Munday Group asserts a claim against the Commission and Johnson Utilities for constructive fraud.  As relief, the Munday Group requests punitive damages.

14.    In Count Five, the Munday Group asserts a claim against Johnson International and R&R for aiding and abetting.

15.    In Count Six, the Munday Group asserts a claim against Johnson Utilities for breach of contract.

16.    In Count Seven, the Munday Group asserts a claim against Johnson Utilities for acting in bad faith in breaching its an implied covenant of good faith and fair dealing.  As relief, the Munday Group requests punitive damages.

17.    In Count Eight, the Munday Group asserts an allegation of joint and several liability amongst all Respondents pursuant to A.R.S. § 12-2506(d).[6]

18.    The Munday Group also requests attorneys' fees pursuant to the private attorney general doctrine, the common fund doctrine, and A.R.S. § 12-3401.01.[7]

---

[5] The Complaint mistakenly cites A.R.S. § 23-1404 as the applicable RICO statute; we note that the correct citation for that statute is A.R.S. § 13-2314.04, which provides, in pertinent part:
    A.    A person who sustains reasonably foreseeable injury to his person, business or property by a pattern of racketeering activity…may file an action in superior court for the recovery of up to treble damages and the costs of the suit….
    B.    The superior court has jurisdiction to prevent, restrain and remedy a pattern of racketeering activity….
          ….

[6] A.R.S. § 12-2506(D) provides:
    The liability of each defendant is several only and is not joint, except that a party is responsible for the fault of another person, or for payment of the proportionate share of another person, if any of the following applies:
        1)    Both the party and the other person were acting in concert.
        2)    The other person was acting as an agent or servant of the party.
        3)    The party's liability for the fault of another person arises out of a duty created by the federal employers' liability act, 45 United States Code section 51.

[7] The parties did not brief the issue of whether the Commission has authority to award attorneys' fees pursuant to the private attorney general doctrine, the common fund doctrine, or A.R.S. § 12-3401.01.  We will therefore hold that issue in abeyance for determination at a later date.

76467

3                         DECISION NO. _____

1  **III.    Motions to Dismiss**

2       Staff

3       19.    Staff argues that the Complaint should be dismissed as to all Respondents not regulated

4  by the Commission because A.R.S. § 40-246 only authorizes complaints for violations of law

5  committed by public service corporations.[8]  As a result, Staff contends that the Commission, Johnson

6  International, and R&R should be dismissed as Respondents to the Complaint.

7       20.    Staff recommends that Count One be stayed pending the conclusion of the federal trial.

8  According to Staff, Count One is the only cause of action over which the Commission potentially has

9  jurisdiction.  Since the factual allegations contained in Count One are the subject of the federal trial,

10 Staff notes that the conclusion of that trial has the potential to moot, clarify, and/or affect the outcome

11 of the Complaint.

12       21.    Staff argues that Counts Two through Eight should be dismissed for lack of subject

13 matter jurisdiction and/or failure to state a claim upon which relief can be granted.  Although A.R.S. §

14 40-246(A) provides a cause of action against a public service corporation, Staff asserts that the

15 Commission's jurisdiction over such a cause of action is limited to the enforcement of the laws

16 affecting public service corporations.  As a result, Staff asserts that claims brought pursuant to statutes

17 that vest jurisdiction in another tribunal, as well as claims based upon civil common law theories, are

18 not within the jurisdiction of the Commission and should be dismissed.

19       Respondents Johnson

20       22.    Respondents Johnson argue that the Complaint must be dismissed in its entirety because

21 it fails to provide a legal basis upon which the Commission may adjudicate any of the Counts contained

22 in the Complaint.  With respect to Count One, Respondents Johnson assert that the Munday Group

23

---

24 [8] A.R.S. § 40-246(A) provides:

25       **Complaint may be made** by the commission of its own motion, or by any person or association of persons by petition or complaint in writing, **setting forth any act or thing done or omitted to be done by any public service corporation in violation**, or claimed to be in violation, **of any provision of law or any order or rule of the commission**, but no complaint shall be entertained by the commission, except

26 upon its own motion, as to the reasonableness of any rates or charges of any gas, electrical, water or telephone, unless it is signed by the mayor or a majority of the legislative body of the city or town within

27 which the alleged violation occurred, or by not less than twenty-five consumers or purchasers, or prospective consumers or purchasers, of the service.

28 (emphasis added).

4                    DECISION NO.  **76467**

1    lacks standing to challenge Decision No. 72579 because the Complainants were not parties to that
2    proceeding.  According to Respondents Johnson, Decision No. 72579 became final and non-appealable
3    on October 5, 2011.  Respondents Johnson further argue that the Complaint is an impermissible
4    collateral attack on a final and conclusive order of the Commission.

5         23.      Respondents Johnson assert that Count Two is not within the jurisdiction of the
6    Commission because Arizona's civil RICO statute explicitly provides that "the superior court has
7    jurisdiction to prevent, restrain, and remedy a pattern of racketeering activity…."[9]   Respondents
8    Johnson argue that if the legislature had intended for civil RICO claims to be filed before the
9    Commission, the legislature would have provided for that in the statute.

10        24.      Respondents Johnson also assert that the Commission does not have jurisdiction to
11    adjudicate the civil common law claims brought in Counts Three through Eight of the Complaint.
12    Respondents Johnson argue that claims based on conspiracy, constructive fraud, aiding and abetting,
13    breach of contract, bad faith, and joint and several liability are only properly brought before the
14    Superior Court, pursuant to A.R.S. § 12-122.[10]   As a result, Respondents Johnson maintain that Counts
15    Three through Eight must be dismissed from the Complaint.

16        R&R

17        25.      In its Joinder to Staff's Motion to Dismiss, R&R argues that it should be dismissed from
18    the Complaint because R&R is not a public service corporation subject to the jurisdiction of the
19    Commission.  R&R further argues that it was not properly served a copy of the Complaint.  R&R
20    requests that Staff's Motion to Dismiss be granted, and that R&R be dismissed from this proceeding.

21        Munday Group

22        26.      In its Response, the Munday Group states that it does not dispute that the Commission
23    only has jurisdiction to adjudicate claims against public service corporations.  The Munday Group also
24    states that the only reason it included non-regulated entities in the Complaint was to preserve
25    "administrative exhaustion requirements."[11]

26

---

27    [9] Respondents Johnson Reply Brief at 5, *quoting* A.R.S. § 13-2314.04(B).
     [10] A.R.S. § 12-122 provides: "The superior court, in addition to the powers conferred by constitution, rule or statute, may
28    proceed according to the common law."
     [11] Munday Group Response Brief at 1.

76467

27.     The Munday Group further states that it does not object to the Complaint being stayed pending the outcome of the federal trial.  However, the Munday Group requests that the Complaint be stayed until the earliest of the following two occurrences:

(a)     One of the defendants in the federal trial pleads guilty to a crime; or

(b)     The conclusion of the federal trial.

28.     The Munday Group also states that it has no objection to the Commission deferring to the Superior Court on their alleged violations of the RICO statute in Count Two.

29.     The Munday Group argues that the Commission has jurisdiction over the remaining Counts Three through Eight because the Commission has the authority to order money damages; Johnson Utilities is a public fiduciary; and Johnson Utilities has a contract with its customers.

## IV.     Discussion

### Standard of Review

30.     When determining a Rule 12(b)(6) motion to dismiss, the Commission must look only to the Complaint itself and consider the factual allegations contained therein.[12]  The Commission must also assume the truth of the factual allegations and indulge all reasonable inferences therefrom.[13]  The motion to dismiss should be denied unless it appears certain that the claimant(s) would be entitled to no relief under any state of facts which is susceptible of proof under the claim as stated.[14]  The Commission has historically disfavored granting motions to dismiss, electing to allow most cases to proceed to a hearing in order to develop a full and complete evidentiary record.

### Resolution

31.     The Commission has broad constitutional and statutory powers over many aspects of public service corporations,[15] and over its long history, "the Commission has developed specialized expertise in matters related to its regulation of the service and financial aspects of public service corporations."[16]  However, Arizona courts have concluded that claims based upon "theories of tort and contract are far afield of the Commission's area of expertise and statutory responsibility, and are the

---

[12] *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420, 189 P.3d 344, 346 (2008).
[13] *Id.*
[14] *Long v. Portland Cement Co.*, 89 Ariz. 366, 368, 362 P.2d 741, 742 (1961).
[15] *Campbell v. Mountain States Telephone & Telegraph Co.*, 120 Ariz. 426, 427, 586 P.2d 987, 988 (Ariz. App. 1978).
[16] *Id.* at 431, 586 P.2d at 992.

DECISION NO. _76467_

1    type of traditional claims with which our trial courts of general jurisdiction are most familiar and

2    capable of dealing."[17]

3      32.     In Count One, the Munday Group alleges that the rates and charges that resulted from

4    the issuance of Decision No. 72579 are unlawful and/or unreasonable. Pursuant to A.R.S. § 40-246(A),

5    the reasonableness of any rates or charges may be challenged by a complaint signed by not less than

6    twenty-five consumers.[18] We therefore find that the Munday Group has alleged a prima facie case

7    against Johnson Utilities in Count One. Accordingly, Respondents Johnson's Motion to Dismiss Count

8    One is denied.

9      33.     With respect to Count Two, the Munday Group states that it has no objection to the

10    Commission deferring to the Superior Court on its RICO claim. Given that there is no objection to

11    dismissing Count Two, and given the clear language of A.R.S. § 13-2314.04 that the Superior Court

12    has jurisdiction to adjudicate RICO claims, we find that Count Two should be dismissed.[19]

13      34.     Counts Three through Seven of the Complaint assert claims based upon theories of tort

14    and contract law. As discussed above, since the Commission does not have jurisdiction to adjudicate

15    claims based upon theories of tort and contract law, we find that Counts Three through Seven should

16    be dismissed.[20]

17      35.     The Complaint asserts various claims against parties that are not public service

18    corporations, namely the Commission, Johnson International,[21] and R&R.[22] However, as the Munday

19    Group concedes, the Commission's jurisdiction to adjudicate complaints is limited to public service

20    corporations. Accordingly, we find that the Commission, Johnson International, and R&R should be

21    dismissed as Respondents to the Complaint. Since Johnson Utilities is the only remaining Respondent

22    to this proceeding, we also find that Count Eight (asserting joint and several liability amongst all

23

---

24    [17] *Id.* at 432, 586 P.2d at 993. The Arizona Supreme Court has also held that "the construction and validity of a contract are judicial functions for the courts, not the Commission." *Id.* at 431, 586 P.2d at 992, citing *Trico Electric Cooperative v.*

25    *Ralston*, 67 Ariz. 358, 196 P.2d 470 (1948).

[18] The Complaint contains the signatures of thirty-two water and wastewater customers of Johnson Utilities.

26    [19] The Munday Group's requests for treble damages and attorneys' fees under the RICO statute are also dismissed.

[20] The Munday Group's request for damages (punitive or compensatory) is also dismissed.

27    [21] Johnson International is an affiliate of Johnson Utilities, but is not a public service corporation regulated by the Commission.

28    [22] R&R is affiliated with James Norton, a defendant in the federal trial, but is not a public service corporation regulated by the Commission.

     DECISION NO.   76467

1    Respondents) is moot, and should therefore be dismissed.

2    36.    The Munday Group requests that Count One be stayed pending the earlier of a guilty

3    plea by one of the defendants in the federal trial, or the conclusion of that trial. However, we find that

4    a more prudent course of action would be to stay Count One until all appeals, if any, have been

5    exhausted, so that there is finality to the results of the federal trial. We also find that it is reasonable

6    and appropriate to order the Munday Group to file notice in this docket once the federal trial has

7    concluded, and all appeals, if any, have been exhausted.

8    **CONCLUSIONS OF LAW**

9    1.    Johnson Utilities, LLC is a public service corporation within the meaning of Article XV

10   of the Arizona Constitution and A.R.S. § 40-246.

11   2.    The Commission has jurisdiction over Johnson Utilities, LLC and the subject matter of

12   this docket.

13   3.    No evidence has been presented in this matter and the allegations contained in the

14   Formal Complaint have not yet been adjudicated.

15   4.    As discussed herein, the Formal Complaint in its entirety should be dismissed, with

16   prejudice, as to the Arizona Corporation Commission, Johnson International, Inc., and R&R Partners,

17   Inc.

18   5.    As discussed herein, Counts Two through Eight of the Formal Complaint should be

19   dismissed, with prejudice.

20   **ORDER**

21   IT IS THEREFORE ORDERED that the **Formal Complaint** is hereby **dismissed**, with

22   prejudice, **as to Respondent Arizona Corporation Commission, Respondent Johnson**

23   **International, Inc., and Respondent R&R Partners, Inc**.

24   IT IS FURTHER ORDERED that the **Formal Complaint** is hereby **dismissed**, with prejudice

25   as to **Counts Two through Eight**.

26   IT IS FURTHER ORDERED that the **Formal Complaint** is hereby **stayed**, as to **Count One**

27   against Johnson Utilities, LLC.

28   IT IS FURTHER ORDERED that Complainants and Respondent Johnson Utilities, LLC shall

1   file with Docket Control a joint status report on the proceedings in *United States v. Pierce, et al.,* CR-

2   17-00713-PHX-JJT (D. Ariz. May 23, 2017) within ten (10) calendar days after that matter is resolved.

3          IT IS FURTHER ORDERED that **Complainants** shall file with Docket Control, as a

4   compliance item in this docket, **notice** once all criminal proceedings involving the indictment of former

5   Commissioner Gary Pierce have concluded, and all appeals, if any, have been exhausted. The notice

6   shall also include a statement indicating whether the Complainants would like to proceed with their

7   Formal Complaint.

8          IT IS FURTHER ORDERED that this Decision shall become effective immediately.

9          BY ORDER OF THE ARIZONA CORPORATION COMMISSION.

10

11

12   CHAIRMAN FORESE                                    COMMISSIONER DUNN

13

14   COMMISSIONER TOBIN          COMMISSIONER OLSON      COMMISSIONER BURNS

15

16                              IN WITNESS WHEREOF, I, TED VOGT, Executive Director of
                                the Arizona Corporation Commission, have hereunto set my
17                              hand and caused the official seal of the Commission to be affixed
                                at the Capitol, in the City of Phoenix, this ____17th____ day
18                              of __November__ 2017.

19

20                              TED VOGT
                                EXECUTIVE DIRECTOR
21

22   DISSENT _____

23

24   DISSENT _____
     SMH/rt
25

26

27

28

                                                                        76467
                                9            DECISION NO. _____

1

| SERVICE LIST FOR: | DELTON   MUNDAY,   ET   AL.   v.   JOHNSON UTILITIES, LLC |
|---|---|

2

DOCKET NO.:                              WS-02987A-17-0192

3

4  B. Lance Entrekin
THE ENTREKIN LAW FIRM
5343 North 16th Street
5  Phoenix, AZ 85016
Attorneys for the Munday Group
6  lance@entrekinlaw.com
administrator@entrekinlaw.com
7  **Consented to Service by Email**

8

Gary Drummond
9  5230 E. Shea Boulevard, Suite 200
Scottsdale, AZ 85254

10

Daniel E. Fredenberg
11  Christian C. M. Beams
Catherine S. Adams
12  FREDENBERG BEAMS
4747 N. 7th Street, Suite 402
13  Phoenix, AZ 85014
Attorneys for Johnson Utilities, LLC and
14  Johnson International, Inc.

15

Michael S. Rubin
16  DICKINSON WRIGHT PLLC
1850 N. Central Avenue, Suite 1400
17  Phoenix, AZ 85004
Attorneys for R&R Partners, Inc.
18  MRubin@dickinson-wright.com
**Consented to Service by Email**
19

20

Andy Kvesic, Director
21  Legal Division
ARIZONA CORPORATION COMMISSION
22  1200 West Washington Street
Phoenix, AZ  85007
23  LegalDiv@azcc.gov
utildivservicebyemail@azcc.gov
24  **Consented to Service by Email**

25

26

27

28

76467

10                          DECISION NO. _____

1  SERVICE LIST FOR:                    DELTON   MUNDAY,   ET   AL.   v.   JOHNSON
                                        UTILITIES, LLC

2  DOCKET NO.:                          WS-02987A-17-0192

3  B. Lance Entrekin
4  THE ENTREKIN LAW FIRM
   5343 North 16th Street
5  Phoenix, AZ 85016
   Attorneys for the Munday Group
6  lance@entrekinlaw.com
   administrator@entrekinlaw.com
7  **Consented to Service by Email**

8
   Gary Drummond
9  5230 E. Shea Boulevard, Suite 200
   Scottsdale, AZ 85254
10
   Daniel E. Fredenberg
11 Christian C. M. Beams
   Catherine S. Adams
12 FREDENBERG BEAMS
13 4747 N. 7th Street, Suite 402
   Phoenix, AZ 85014
14 Attorneys for Johnson Utilities, LLC and
   Johnson International, Inc.
15
16 Michael S. Rubin
   DICKINSON WRIGHT PLLC
17 1850 N. Central Avenue, Suite 1400
   Phoenix, AZ 85004
18 Attorneys for R&R Partners, Inc.
   MRubin@dickinson-wright.com
19 **Consented to Service by Email**

20
   Andy Kvesic, Director
21 Legal Division
   ARIZONA CORPORATION COMMISSION
22 1200 West Washington Street
   Phoenix, AZ 85007
23 LegalDiv@azcc.gov
   utildivservicebyemail@azcc.gov
24 **Consented to Service by Email**

25

26

27

28

                                        11          DECISION NO. _____    76467

# EXHIBIT 9

EXHIBIT 9

ORIGINAL    NEW APPLICATION



0000185672

BEFORE THE ARIZONA CORPORATION ~~RECEIVED~~
AZ CORP COMMISSION
DOCKET CONTROL

COMMISSIONERS

TOM FORESE, Chairman
BOB BURNS
ANDY TOBIN
BOYD DUNN
JUSTIN OLSON

2017 DEC 29 P 3: 04

WS-02987A-17-0392

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF JOHNSON UTILITIES, L.L.C., FOR A DETERMINATION OF THE FAIR VALUE OF ITS WATER AND WASTEWATER UTILITY PLANT AND PROPERTY, FOR INCREASES IN ITS RATES AND CHARGES FOR WATER AND WASTEWATER UTILITY SERVICE, AND FOR RELATED APPROVALS. | DOCKET NO. WS-02987A-17-_____ <br><br> **APPLICATION** <br><br> Arizona Corporation Commission <br> **DOCKETED** <br><br> DEC 2 9 2017 <br><br> DOCKETED BY ___ |

Johnson Utilities, L.L.C. ("Johnson Utilities" or the "Company") hereby applies for an order establishing the fair value of its plant and property used for the provision of water utility service and wastewater utility service, and for permanent increases in its rates and charges for water utility service and wastewater utility service as described in this application ("Application") and the accompanying attachments.  In support thereof, Johnson Utilities states as follows:

1.      Johnson Utilities is an Arizona public service corporation engaged in providing water and wastewater utility services in portions of Pinal County, Arizona, pursuant to certificates of convenience and necessity granted by the Arizona Corporation Commission ("Commission") in Decision 60223 (May 27, 1997) and extended in subsequent dockets.  As of the test year period which ended June 30, 2017, Johnson Utilities was providing water service to approximately 25,615 service connections and wastewater service to approximately 35,320 sewer laterals.  The Company's wastewater CC&N is larger than its water CC&N which largely accounts for the difference in service connections.

2.      For purposes of Arizona Administrative Code ("A.A.C.") R14-2-103(A)(3)(q), Johnson Utilities is classified as a Class "A" utility for both its water and

CROCKETT LAW GROUP PLLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
602.441.2775

wastewater divisions.

3.      Johnson Utilities' business office is located at 5230 E. Shea Boulevard, Suite 200 Scottsdale, Arizona 85254 and its telephone number is (480) 998-3300.

4.      The Company's primary management contact is Brad Cole. Mr. Cole is the Chief Operating Officer of Hunt MGT, L.L.C. ("Hunt Management"). Hunt Management has a management services agreement whereby it provides Johnson Utilities with certified operators, field technicians, laborers, customer service personnel, meter reading personnel, billing and collection personnel, bookkeeping and accounting personnel, as well as various other services. Mr. Cole oversees the provision of employees and services to Johnson Utilities on behalf of Hunt Management.

5.      The person responsible for overseeing and directing the conduct of this rate application is Mr. Cole. Mr. Cole will be assisted by the Company's rate case consultant, Thomas J. Bourassa, and by counsel undersigned. Mr. Cole's mailing address is 5310 E. Shea Boulevard, Suite 2, Scottsdale, Arizona 85254; his telephone number is (480) 998-3300; and his e-mail address is bcole@azvision.net. Mr. Bourassa's mailing address is 139 W. Wood Drive, Phoenix, Arizona 85029; his telephone number is (602) 246-7150; and his e-mail address is tjbll4@cox.net. All discovery, data requests and other requests for information concerning this Application should be directed to Messrs. Cole and Bourassa via e-mail, with a copy to counsel undersigned at jeff@jeffcrockettlaw.com and a copy to Gary Drummond, General Manager of Johnson Utilities, at gdrummond@azvision.net.

6.      Johnson Utilities' current rates and charges for utility service were approved by the Commission in Decision 71854 (August 25, 2010), as amended by Decisions 71910 (September 28, 2010), 72089 (January 20, 2011), 72579 (September 15, 2011), 73284 (July 30, 2012), 73617 (December 12, 2012), 73992 (July 16, 2013), 74695 (August 12, 2014), 74701 (August 21, 2014), 75129 (June 26, 2015), using a test year ended December 31,2007.

7.      Increases in the Company's operating expenses have outpaced increases in revenues since the last rate case. Thus, Johnson Utilities is requesting rate increases for

CROCKETT LAW GROUP PLLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
602.441.2775

both its water and wastewater divisions.   Because the rate bases for the water and wastewater divisions are both negative, a rate of return approach is not appropriate. Accordingly, the revenue requirements were determined based on an operating margin approach rather than a cost of capital approach.   The Company is proposing a 10.0% operating margin for both the water and wastewater divisions.

8.     The Company agrees to use its original cost rate base as its fair value rate base in this proceeding to minimize disputes and reduce rate case expense.

9.     Filed with this Application and included in the Direct Testimony of Thomas J. Bourassa are the schedules required pursuant to A.A.C. R14-2-103 for a rate application by a Class "A" utility.   The test year utilized by Johnson Utilities in connection with the preparation of the rate schedules is the 12-month period ended June 30, 2017, as required by Decision 76336 in Docket WS-02987A-08-0180.   Johnson Utilities requests that the Commission utilize this test year in connection with this Application, with appropriate adjustments to obtain a normal and more realistic relationship between revenues, rate base and expenses during the period in which the rates will be in effect.

10.     During the test year, Johnson Utilities' adjusted gross revenues from the water division were $11,675,735. The adjusted operating income from the water division was $(552,056), or an adjusted operating margin of negative 4.73%, leading to an operating income deficiency of $1,986,169 based upon a 10% operating margin.   The adjusted fair value rate base is $(102,398).   Johnson Utilities requests to increase revenues by approximately $2,665,399 to provide a 10.0% operating margin for the water division, which is a 22.83% increase over the adjusted and annualized test year revenues.

11.     During the test year, Johnson Utilities' adjusted gross revenues from the wastewater division were $18,659,983.   The adjusted operating income from the wastewater division was $(115,463), or an adjusted operating margin of negative 0.62%, leading to an operating income deficiency of $2,288,624 based upon a 10% operating margin.   The adjusted fair value rate base is $(1,881,391). Johnson Utilities requests to increase revenues by approximately $3,071,633 to provide a 10.0% operating margin for

CROCKETT LAW GROUP PLLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
602.441.2775

- 3 -

1  the wastewater division, which is a 16.46% increase over the adjusted and annualized test
2  year revenues.

3    12.    As shown on Schedule H-2, page 1 for the water division, the present
4  monthly bill for a 3/4-inch metered customer using an average of 6,380 gallons is $29.10.
5  The proposed monthly bill for a 3/4-inch metered customer using an average of 6,380
6  gallons would be $35.97, an increase of $6.87, or 23.62% above the present rates.   In
7  addition, the Company is proposing certain changes to its service line and meter installation
8  charges, as well as changes to certain of its other miscellaneous charges.

9    13.    As shown on Schedule H-2, page 1 for the wastewater division, the present
10  monthly bill for a residential wastewater customer is $40.98.  The proposed monthly bill
11  for a residential customer is $48.21, an increase of $7.23, or 17.64% above the present
12  rates. The Company is also proposing changes to certain of its miscellaneous charges.

13    14.    Johnson Utilities submits that its current rates and are inadequate to allow
14  the Company to obtain debt, maintain a sound credit rating, and/or enable the Company to
15  attract additional capital on reasonable and acceptable terms in order to continue the
16  investment in utility plant necessary to adequately serve customers.

17    15.    Attached to this Application as <u>Attachment 1</u> are the water plant and
18  wastewater plant descriptions for Johnson Utilities.

19    16.    Attached hereto as <u>Attachment 2</u> are Johnson Utilities' completed water use
20  data sheets for the Johnson Ranch water system (PWS 11-128) and Anthem at Merrill
21  Ranch water system (PWS 11-136) for the test year.

22    17.    Filed in support of this Application as <u>Attachment 3</u> is the Direct Testimony
23  of Brad Cole, providing an overview of Johnson Utilities and its operations.

24    18.    Also filed in support of this Application as <u>Attachment 4</u> is the Direct
25  Testimony of Thomas J. Bourassa providing an overview of Johnson Utilities' rate
26  application, discussing the revenue requirement, including the "A" through "F" schedules,
27  describing the development of the rate base and income statement adjustments, discussing
28  the proposed rates, including the "H" schedules,  discussing the effects of the proposed

CROCKETT LAW GROUP PLLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
602.441.2775

- 4 -

rates on customers' bills, and addressing the Company's request for (i) a Purchased Power Adjustment Mechanism ("PPAM") and (ii) a Property Tax Adjustment Mechanism ("PTAM"). The Company is not submitting "G" Schedules as discussed in Mr. Bourassa's testimony

19. Included in Mr. Cole's Direct Testimony as Exhibit Cole Direct 1 is a copy of the proposed plan of administration ("POA") for Johnson Utilities' requested PPAM. Included with Mr. Cole's Direct Testimony as Exhibit Cole Direct 2 is a copy of the proposed POA for Johnson Utilities' requested PTAM.

WHEREFORE, Johnson Utilities requests the following relief:

A. That the Commission, upon proper notice, conduct a hearing in accordance with A.R.S. § 40-251 and determine the fair value of Johnson Utilities' utility plant and property devoted to providing water utility service;

B. That, based upon such determination, the Commission approve permanent adjustments to the rates and charges for water utility service and wastewater utility service provided by Johnson Utilities, as set forth herein;

C. That the Commission approve Johnson Utilities' request for a PPAM and PTAM; and

D. That the Commission authorize such other and further relief as may be appropriate.

RESPECTFULLY submitted this 29th day of December, 2017.

CROCKETT LAW GROUP PLLC

By: _Jeffrey W. Crockett_

Jeffrey W. Crockett, Esq.
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
Phone: (602) 441-2775
E-mail: jeff@jeffcrockettlaw.com
Attorney for Johnson Utilities, L.L.C.

CROCKETT LAW GROUP PLLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
602.441.2775

ORIGINAL and thirteen (13) copies filed
this 29th day of December, 2017, with:

Docket Control
ARIZONA CORPORATION COMMISSION
1200 W. Washington Street
Phoenix, Arizona 85007

Jeff Crockett

CROCKETT LAW GROUP PLLC
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
602.441.2775

- 6 -

# EXHIBIT 10

**EXHIBIT 10**



0000192313

1        **BEFORE THE ARIZONA CORPORATION COMMISSION**

2   TOM FORESE
         Chairman
3   BOB BURNS                        Arizona Corporation Commission
         Commissioner
4   ANDY TOBIN                            **DOCKETED**
         Commissioner
5   BOYD DUNN                            SEP 2 0 2018
         Commissioner
6   JUSTIN OLSON                      **DOCKETED BY**
         Commissioner                      M
7

8   IN THE MATTER OF THE APPLICATION  )    DOCKET NO. WS-02987A-17-0392
    OF JOHNSON UTILITIES, L.L.C FOR A  )
9   DETERMINATION OF THE FAIR VALUE   )    DECISION NO. ____76889____
    OF ITS WATER AND WASTEWATER       )
10  UTILITY PLANT AND PROPERTY, FOR   )    ORDER
    INCREASES IN ITS RATES AND        )
11  CHARGES FOR WATER AND             )    **DISCONTINUED INCOME TAX**
    WASTEWATER UTILITY SERVICE, AND   )    **EXPENSE RECOVERY IN**
12  FOR RELATED APPROVALS.            )    **COMMISSION AUTHORIZED WATER**
                                       )    **AND WASTEWATER DIVISIONS**
13                                           **REVENUE REQUIREMENTS,**
                                             **PURSUANT TO DECISION NOS. 71854,**
14                                           **72579, 73992, 74695**

15  _____

16  Open Meeting
    September 11, 2018
17  Phoenix, Arizona

18  BY THE COMMISSION:

19          *        *        *        *        *        *        *        *        *

20  Having considered the entire record herein and being fully advised in the premises, the Arizona

21  Corporation Commission ("Commission") finds, concludes and orders that:

22                            FINDINGS OF FACT

23          1.       On August 24, 2010, the Arizona Corporation Commission ("Commission")

24  approved Decision No. 71854, which established rates for the Johnson water and wastewater

25  divisions. The decision authorized a revenue requirement for the water division of $9,773,939 and

26  for the wastewater division of $9,686,995. The revenue requirements as authorized in this decision,

27  did not include the recovery of income tax expense for either division, which the Company had

28  requested in its application.

1    2.     On September 15, 2011, the Commission issued Decision No. 72579, that reopened

2  Decision No. 71854 and allowed the Company:

3

4          a.  To change the wastewater late fee from $40 per month to 1.5% per month.

5          b.  To add back to rate base $18,244,755 in disallowed plant, which includes the

6              $10,892,39 disallowance for inadequately supported plant and the $7,352,364

7              disallowance related to affiliate profit.

8          c.  To reinstate the hook-up fee tariffs for water and wastewater divisions.

9          d.  An 8.0 percent rate of return for the wastewater division.

10         e.  To request income tax expense prospectively in a future A.R.S. 40-252

11              Petition if the Commission changes its policy relating to imputed income tax

12              expense.

13    3.     These modifications resulted in a revenue requirement of $11,591,861 for the

14  wastewater division, which is an increase of $1,904,866 over the $9,686,995 authorized in Decision

15  No. 71854.

16    4.     On February 21, 2013, the Commission issued Decision No. 73379 that allowed for

17  income taxes to be calculated at the lower of (i) the income tax allowance using the weighted average

18  effective tax rate for the combined ownership; and (ii) the income tax allowance assuming the tax

19  pass-through entity is a stand-alone Subchapter C corporation, for pass-through entities.

20    5.     On March 8, 2013, the Company filed a petition to amend Decision No. 71854. The

21  Company included schedules that appropriately fulfilled the income tax policy requirements and the

22  resulting recognition of an income tax allowance. Staff confirmed the calculations and agreed that

23  the Company sought to collect for income taxes using the lower of the two approved methods for

24  pass-through income taxes. The increase to the revenue requirement for the water division was

25  $125,071, and the increase to the revenue requirement for the wastewater division was $747,274.

26    6.     On July 16, 2013, the Commission issued Decision No. 73992, that determined that

27  the Company complied with the Commission's new policy and adopted the new rates, with a

28  conclusion that they resulted in just and reasonable rates.  The Commission also approved a

Decision No. ____ 76889

1   requirement that Johnson file a full rate case for its water and wastewater divisions by no later than

2   June 30, 2015, using a 2014 calendar year test year.

3       7.      On April 4, 2013, the Residential Utility Consumer Office ("RUCO") filed a

4   Response to the Petition, filed by the Company on March 8, 2013, objecting to the Company's

5   recovery of income tax expense and to the methodology proposed for calculating the expense

6   amount.  RUCO claimed that the manner in which Decision No. 73992 imputes the income tax

7   expense is arbitrary, capricious, and an abuse of discretion, because the expense amount is not based

8   on the Company shareholders' actual income taxes.  Ultimately the Company and RUCO settled.

9   Staff opposed the settlement agreement and was not a signatory.

10       8.      On August 12, 2014, in Decision No. 74695, the Commission approved the

11   settlement agreement between the Company and RUCO, which included the following provisions:

12   1) to decrease the Company's wastewater rates to reflect a reduction in the imputed income tax rate

13   from 36.6558 percent to 25 percent, which resulted in an approximately $286,000 decrease; 2) to

14   require Johnson to file a full rate case no later than June 30, 2016, using a 2015 calendar test year;

15   and 3) to require Johnson to file a yearly earnings reports, using a prescribed form.

16       9.      On December 22, 2017, the Tax Cuts and Jobs Act of 2017 ("Tax Act") was signed

17   into law.  The Tax Act impacted regulated utilities in several ways, among them was that it reduced

18   the federal corporate income tax rates to a flat rate of 21 percent, effective January 1, 2018.  In

19   anticipation of the Tax Act, the Commission opened Docket No. AU-00000A-17-0379, on

20   December 20, 2017.  On December 22, 2017, the Commission's Utilities Division Staff ("Staff")

21   sent a letter to all regulated utilities in Arizona that asked two questions: 1) Do the current

22   Commission-approved rates being charged to ratepayers include the recovery of federal income

23   taxes, and 2) if the answer to Question No. 1 is "Yes", please submit a detailed plan explaining how

24   you intend to assure the timely pass through to ratepayers of all resulting revenue requirement

25   implications accompanying this Legislation."

26       10.     On January 31, 2018, the Commission held a workshop to discuss the impact of the

27   Legislation on existing and future rates.  On February 26, 2018, the Commission issued Decision

28   No. 76595, which required that Class A, B, and C utilities apply regulatory accounting treatment to

1   account for the impact of the Tax Act as of January 1, 2018, by either: a) applying for a tax expense
2   adjustor mechanism within 60 days, b) filing an intent to file a rate case within 90 days, or c) filing
3   any other such application to address the ratemaking implications of the Tax Act within 60 days.

4       11.    On March 29, 2018, the Commission issued Decision No. 76631, that updated the
5   Tax Policy adopted in Decision No. 73739, and accordingly, the Commission no longer allows
6   recovery of income tax expense recovery for Class A through Class C pass-through entities.

7       12.    On December 29, 2017, Johnson filed a rate application as directed by the
8   Commission. It was the Company's intention that the income tax issue be resolved within the rate
9   case. On March 1, 2018, Johnson filed a Motion for Continuance and Stay requesting that the rate
10  case proceeding be stayed pending a final determination in United States v. Gary Leonard Pierce, et
11  al., Case No. CR-17-00713-001-PHX-JJT. The requirement of the parties to provide written
12  testimony was suspended until further order of the Commission. Additionally, the Company's
13  Motion for Continuance and Stay was held in abeyance pending the outcome of the Complaint and
14  Order to Show Cause proceeding against Johnson Utilities in Docket No. WS-02987A-18-0050.

15      13.    On January 18, 2018, the Company responded to the questions posed by Commission
16  Staff on December 22, 2017, indicating that its current rates do include recovery of income taxes at
17  a level higher than new flat federal tax rate of 21 percent resulting from the Tax Act of 2017, but
18  also indicating that the proper rate adjustments to reflect the Tax Act would be addressed in the
19  pending rate application. Because the timing and processing of the rate application has been
20  suspended, and it remains unclear when it will resume and on what schedule, Staff believes it is
21  appropriate to address the issue of income taxes now.

22

23                  STAFF ANALYSIS AND RECOMMENDATIONS

24  *Adjustment to Federal Income Taxes and Discontinuance of Federal and State Income Tax Recovery*

25      14.    Staff reviewed the amount of income taxes being recovered in the Company's
26  currently authorized revenue requirement. For the water division, the Company is currently
27  collecting $125,072 in income taxes from ratepayers. For the wastewater division, the Company is
28  currently collecting $747,272 in income taxes from ratepayers.

1       15.     Staff analyzed tax savings from January through September 2018, due to

2  implementation of the Tax Act, and the change in the Commission's pass-through policy. The Tax

3  Act exempts 20 percent of Qualified Business Income ("QBI") from taxation for flow through

4  entities and to reduce income taxes accordingly. Staff finds it appropriate to refund tax savings

5  related to the Tax Act from January through March 2018, because of the effective date of Decision

6  No. 76631. Staff determined that Johnson had tax savings resulting from the Tax Act of $8,294 for

7  the water division and $16,082 for the wastewater division, because these amounts are de minimis

8  they should be included in the first annual compliance filing true-up.

9       16.     Staff recommends that the Commission order Johnson to refund Staff's

10  recommended tax savings that result from the elimination of federal and state income tax expense

11  from April through September 2018. Staff's analysis indicates that the Company's authorized

12  revenue requirement for the water division should decrease from $9,899,013 to $9,773,94, a total

13  reduction of $125,072. For the wastewater division, the Company's authorized revenue requirement

14  should decrease from $12,049,418 to $11,591,862, a total reduction of $457,557. Staff recommends

15  the Commission approve Johnson's revised tariffs depicted in Schedule BAB-1(Water), page 2 for

16  the water division and Schedule BAB-1(Wastewater), page 2 for the wastewater division. The

17  revised tariff schedules reflect rates that eliminate federal and state income tax expenses from

18  authorized revenue requirements for both divisions effective September 1, 2018.

19       17.     Based on Staff's recommendations, a residential customer on a 3/4-inch meter will

20  receive a one-time bill credit of $2.78 for the water division and $8.71 for the wastewater division.

21  Staff's recommendation is depicted on Schedule BAB-1(Water), page 3 for the water division and

22  Schedule BAB-1(Wastewater), page 3 for the wastewater division.

23  *Repurchase of the right to receive the refund payments for AIAC*

24       18.     As discussed on pages 68 and 69 of Commission Decision No. 76785 issued in

25  Docket No. WS-02987A-18-0050, on July 24, 2018, Johnson Utilities has thousands of line

26  extension agreements ("LXAs") and there is a secondary market that purchases the revenue streams

27  from the LXAs. According to the Company, generally these LXAs provide Johnson Utilities with

28  the right of first refusal should a developer want to sell the revenue streams from an LXA. From

1   this point forward, Johnson Utilities is to provide the Commission with 90-days advanced notice of
2   its intent to exercise this right of first refusal.  Likewise, Johnson Utilities is to provide the
3   Commission with 90-days advanced notice of its intent to not exercise this first refusal right with
4   the result being that the right is purchased by Annuity Holdings or any other Johnson Utilities
5   Affiliate or related entity.

6   *Income Tax Gross-up on AIAC and Administrative Fee Limitation:*

7       19.     Since, Johnson Utilities is a tax pass-through entity, and as such not authorized to
8   recover income taxes under the Commission's current Income Tax Policy as discussed previously
9   in this Staff Memorandum, Johnson is not allowed to recover an income tax gross-up on funds
10  received under existing or new AIAC agreements.  Further, Johnson is prohibited from requesting
11  an administrative fee from developers who are a party to such AIAC agreements.

12  *Compliance Filing*

13      20.     Staff recommends that the Commission order Johnson to make a compliance filing
14  that summarizes the actual amount of tax savings refunded to its customers due to the impact of the
15  Tax Act for each division.  This compliance filing shall compare an updated calculation of tax
16  savings to the amount of tax savings approved for refund by the Commission and propose an
17  appropriate mechanism for accounting for the variance.  Staff recommends that the Commission
18  order Johnson to make this compliance filing no later than 90 days from the effective date of the
19  decision in this proceeding.

20      21.     Staff further recommends that Johnson file a revised tariff for the water and
21  wastewater divisions for Commission Staff review no later than 30 days from the effective date of
22  the decision in this proceeding.

23                              CONCLUSIONS OF LAW

24      1.      Johnson Utilities LLC is a public service corporation within the meaning of Article
25  XV of the Arizona Constitution.

26      2.      The Commission has jurisdiction over Johnson Utilities LLC, and the subject matter
27  of this filing.

28  . . .

Decision No. ___76889___

Page 7                                                  Docket No. WS-02987A-17-0392

1                                         ORDER

2          IT IS THEREFORE ORDERED that Johnson Utilities LLC shall adopt Staff's

3    recommended monthly bill credits as discussed herein, as a reduction to its authorized rates.

4          IT IS FURTHER ORDERED that the bill credits approved herein are adopted and shall be

5    effective for all customer classes in the Johnson Utilities LLC's service areas, in the first billing

6    cycle in October 2018.

7          IT IS FURTHER ORDERED that Johnson Utilities is to provide the Commission with 90-

8    days advanced notice of its intent to exercise or not exercise first right of refusal in purchasing

9    revenue streams from developers related to its LXAs.

10          IT IS FURTHER ORDERED that Johnson Utilities LLC is not allowed to recover an income

11   tax gross-up on funds received under existing or new AIAC agreements, CIAC, or mainline

12   extension agreements and is prohibited from requesting an administrative fee from developers who

13   are a party to any AIAC agreements.

14          IT IS FURTHER ORDERED that Johnson Utilities LLC shall make compliance filings as

15   discussed herein.

16   . . .

17   . . .

18   . . .

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

Decision No.  76889

Page 8                                                Docket No. WS-02987A-17-0392

1    IT IS FURTHER ORDERED that Johnson Utilities LLC shall notify its affected customers

2   of the revised schedules of rates and charges authorized herein by means of a message in its next

3   regularly scheduled billing, and by posting a notice on its website.

4    IT IS FURTHER ORDERED that this Decision shall become effective immediately.

5

6              **BY THE ORDER OF THE ARIZONA CORPORATION COMMISSION**

7

8   _____        _____
         CHAIRMAN FORESE                           COMMISSIONER DUNN

9

10

11  _____   _____   _____
      COMMISSIONER TOBIN                COMMISSIONER OLSON         COMMISSIONER BURNS

12

13                                      IN WITNESS WHEREOF, I, MATTHEW J. NEUBERT,
                                        Interim Executive Director of the Arizona Corporation
14                                      Commission, have hereunto, set my hand and caused the
                                        official seal of this Commission to be affixed at the Capitol, in
15                                      the   City   of   Phoenix,   this   20th   day   of
                                        September   , 2018.
16

17

18                                      _____
                                        MATTHEW J. NEUBERT
19                                      INTERIM EXECUTIVE DIRECTOR

20

21  DISSENT: _____

22
    DISSENT: _____
23

    EOA:BAB: vsc/WVC
24

25

26

27

28

                                                      Decision No. _____76889_____

Page 9                                                    Docket No. WS-02987A-17-0392

1 | Johnson Utilities LLC
  | Docket No. (WS-02987A-17-0392)
2 |

3 |

4 | Albert Acken
  | RYLEY CARLOCK & APPLEWHITE
  | One North Central Avenue, Suite 1200
5 | Phoenix, AZ 85004

6 | Scott Holcomb
  | DICKINSON WRIGHT PLLC
7 | 1850 N. Central Avenue, Suite 1400
  | Phoenix, AZ 85004
8 |
  | Clifford Mattice
9 | TOWN OF FLORENCE
  | 775 N. Main Street
10 | PO Box 2670
  | Florence, AZ 85132
11 |
  | Kevin Costello
12 | KENT VOLKMER PINAL COUNTY ATTORNEY
  | 30 N. Florence Street
13 | Florence, AZ 85132

14 | Michele Van Quathem
  | LAW OFFICES OF MICHELE
15 | VAN QUATHEM, PLLC
  | 7600 N 15th St, Suite 150-30
16 | Phoenix, AZ 85020

17 | Daniel Pozefsky
  | RUCO
  | 1110 West Washington, Suite 220
18 | Phoenix, AZ 85007

19 | Craig Marks
  | CRAIG A. MARKS, PLC
20 | 10645 N. Tatum Blvd.
  | Suite 200-676
21 | Phoenix, AZ 85028

22 | Jeffrey Crockett
  | CROCKETT LAW GROUP, PLLC
23 | 2198 E. Camelback Rd., Suite 305
  | Phoenix, AZ 85016
24 |
  | Andy Kvesic
25 | ARIZONA CORPORATION COMMISSION
  | Director, Legal Division
26 | 1200 West Washington Street
  | Phoenix, Arizona 85007
27 | LegalDiv@azcc.gov
  | utildivservicebyemail@azcc.gov
  | **Consent to Service by Email**
28 |

Decision No. ___76889___

**Johnson Utilities (Waste Water)**
**Docket No. WS-02987A-17-0392**

**Amended Schedule BAB-1 (Wastewater)**
Page 1 of 2

---

### INCOME TAX REFUND CALCULATION

| | |
|---|---:|
| Revenue requirement from Company's latest rate case | $12,049,418 |
| Staff's revenue requirement using 0 percent tax rate | 11,591,861 |
| Difference | $457,557 |

---

### MONTHLY INCOME TAX REFUND CALCULATION

**Step 1 - Find the Equivalent Bills**

| Col A | Col B | | Col C | | Col D | | Col E |
|---|---|---|---|---|---|---|---|
| | NARUC | | Number of | | Number of Months in | | Equivalent Bills |
| Meter Size | Multiplier | | Customers | | Year | | Col B x C X D |
| 5/8"x 3/4" Meter | 1 | x | 0 | x | 12 | = | - |
| 3/4" Meter | 1.5 | x | 21,454 | x | 12 | = | 386,172 |
| 1" Meter | 2.5 | x | 82 | x | 12 | = | 2,460 |
| 1½" Meter | 5 | x | 30 | x | 12 | = | 1,800 |
| 2" Meter | 8 | x | 25 | x | 12 | = | 2,400 |
| 3" Meter | 15 | x | 2 | x | 12 | = | 360 |
| 4" Meter | 25 | x | 3 | x | 12 | = | 900 |
| 6" Meter | 50 | x | 0 | x | 12 | = | - |
| | | | 21,596 | | | | 394,092 |

Col C - Excludes Effluent

**Step 2 - Find the Monthly Refund Amount**

| | |
|---:|---|
| $457,557 | Total Annual Income Tax Refund Amount (From Staff Calculation) |
| 394,092 | Divided by: Total Number of Equivalent Bills (From Step 1) |
| $1.16 | Monthly Surcharge for 5/8"x 3/4" Customers |

**Step 3 - Find the Monthly Refund for the Remaining Meter Size Customers**

| Col A | Col B | | Col C | | Col D |
|---|---|---|---|---|---|
| | NARUC | | 5/8"x 3/4" Customers' | | Surcharge by Meter Size |
| Meter Size | Multiplier | | Surcharge | | Col B x C |
| 5/8"x 3/4" Meter | 1 | x | $1.16 | = | $1.16 |
| 3/4" Meter | 1.5 | x | $1.16 | = | $1.74 |
| 1" Meter | 2.5 | x | $1.16 | = | $2.90 |
| 1½" Meter | 5 | x | $1.16 | = | $5.81 |
| 2" Meter | 8 | x | $1.16 | = | $9.29 |
| 3" Meter | 15 | x | $1.16 | = | $17.42 |
| 4" Meter | 25 | x | $1.16 | = | $29.03 |
| 6" Meter | 50 | x | $1.16 | = | $58.05 |

Decision No. 76889

**Amended Schedule BAB-1 (Wastewater)**

Page 2 of 2

| MONTHLY INCOME TAX REFUND CALCULATION - CONTINUED |
|---|

**Step 4 - Recalculation of Annual Income Tax Refund**

| Col A | Col B | | Col C | | Col D | | Col E | |
|---|---|---|---|---|---|---|---|---|
| | | | Number of | | Surcharge | | Annual | |
| | Number of | | Months in | | by | | Surcharge Rev | |
| Meter Size | Customers | | Year | | Meter Size | | Col B x C X D | |
| 5/8"x 3/4" Meter | 0 | x | 12 | x | $1.16 | = | $0 | |
| 3/4" Meter | 21,454 | x | 12 | x | $1.74 | = | 448,361 | |
| 1" Meter | 82 | x | 12 | x | $2.90 | = | 2,856 | |
| 1½" Meter | 30 | x | 12 | x | $5.81 | = | 2,090 | |
| 2" Meter | 25 | x | 12 | x | S9.29 | = | 2,786 | |
| 3" Meter | 2 | x | 12 | x | $17.42 | = | 418 | |
| 4" Meter | 3 | x | 12 | x | $29.03 | = | 1,045 | |
| 6" Meter | 0 | x | 12 | x | $58.05 | = | 0 | |
| | 21,596 | | | | $125.39 | | $457,557 | (From Step 2) |

| Revenue requirement from Company's latest rate case | $12,049,418 |
|---|---|
| Staff's revenue requirement using 80 percent Qualifying Business Income reduction | 12,323,052 |
| Difference | ($273,634) |

| ONE TIME BILL CREDIT |
|---|

3/4" Meter

| April | $1.74 |
|---|---|
| May | $1.74 |
| June | $1.74 |
| July | $1.74 |
| August | $1.74 |
| Total | $8.71 |

**Johnson Utilities (Water)**
**Docket No. WS-02987A-17-0392**

**Amended Schedule BAB-1 (Water)**
Page 1 of 2

| INCOME TAX REFUND CALCULATION |
|---|

| | |
|---|---|
| Revenue requirement from Company's latest rate case | $9,899,013 |
| Staff's revenue requirement using 0 percent tax rate | 9,773,941 |
| Difference | $125,072 |

| MONTHLY INCOME TAX REFUND CALCULATION |
|---|

**Step 1 - Find the Equivalent Bills**

| Col A | Col B | | Col C | | Col D | | Col E |
|---|---|---|---|---|---|---|---|
| | NARUC | | Number of | | Number of Months in | | Equivalent Bills |
| Meter Size | Multiplier | | Customers | | Year | | Col B x C X D |
| 5/8"x 3/4" Meter | 1 | x | 0 | x | 12 | = | 0 |
| 3/4" Meter | 1.5 | x | 16,899 | x | 12 | = | 304,182 |
| 1" Meter | 2.5 | x | 346 | x | 12 | = | 10,380 |
| 1½" Meter | 5 | x | 126 | x | 12 | = | 7,560 |
| 2" Meter | 8 | x | 136 | x | 12 | = | 13,056 |
| 3" Meter | 15 | x | 2 | x | 12 | = | 360 |
| 4" Meter | 25 | x | 5 | x | 12 | = | 1,500 |
| 6" Meter | 50 | x | 1 | x | 12 | = | 600 |
| | | | 17,515 | | | | 337,638 |

Col C - Excludes Stand pipe.

**Step 2 - Find the Monthly Refund Amount**

| | |
|---|---|
| $125,072 | Total Annual Income Tax Refund Amount (From Staff Calculation) |
| 337,638 | Divided by:  Total Number of Equivalent Bills (From Step 1) |
| $0.37 | Monthly Surcharge for 5/8"x 3/4" Customers |

**Step 3 - Find the Monthly Refund for the Remaining Meter Size Customers**

| Col A | Col B | | Col C | | Col D |
|---|---|---|---|---|---|
| | NARUC | | 5/8"x 3/4" Customers' | | Surcharge by Meter Size |
| Meter Size | Multiplier | | Surcharge | | Col B x C |
| 5/8"x 3/4" Meter | 1 | x | $0.37 | = | $0.37 |
| 3/4" Meter | 1.5 | x | $0.37 | = | $0.56 |
| 1" Meter | 2.5 | x | $0.37 | = | $0.93 |
| 1½" Meter | 5 | x | $0.37 | = | $1.85 |
| 2" Meter | 8 | x | $0.37 | = | $2.96 |
| 3" Meter | 15 | x | $0.37 | = | $5.56 |
| 4" Meter | 25 | x | $0.37 | = | $9.26 |
| 6" Meter | 50 | x | $0.37 | = | $18.52 |

Decision No. 76889

**Amended Schedule BAB-1 (Water)**
Page 2 of 2

| MONTHLY INCOME TAX REFUND CALCULATION - CONTINUED |

**Step 4 - Recalculation of Annual Income Tax Refund**

| Col A | Col B | | Col C | | Col D | | Col E | |
|---|---|---|---|---|---|---|---|---|
| | | | Number of | | Surcharge | | Annual | |
| | Number of | | Months in | | by | | Surcharge Rev | |
| Meter Size | Customers | | Year | | Meter Size | | Col B x C X D | |
| 5/8"x 3/4" Meter | 0 | x | 12 | x | $0.37 | = | $0 | |
| 3/4" Meter | 16,899 | x | 12 | x | $0.56 | = | 112,679 | |
| 1" Meter | 346 | x | 12 | x | $0.93 | = | 3,845 | |
| 1½" Meter | 126 | x | 12 | x | $1.85 | = | 2,800 | |
| 2" Meter | 136 | x | 12 | x | $2.96 | = | 4,836 | |
| 3" Meter | 2 | x | 12 | x | $5.56 | = | 133 | |
| 4" Meter | 5 | x | 12 | x | $9.26 | = | 556 | |
| 6" Meter | 1 | x | 12 | x | $18.52 | = | 222 | |
| | 17,515 | | | | $40.01 | | $125,072 | (From Step 2) |

| | |
|---|---|
| Revenue requirement from Company's latest rate case | $9,899,013 |
| Staff's revenue requirement using 80 percent Qualifying Business Income reduction | 9,890,719 |
| Difference | $8,294 |

| ONE TIME BILL CREDIT |

3/4" Meter

| | |
|---|---|
| April | $0.56 |
| May | $0.56 |
| June | $0.56 |
| July | $0.56 |
| August | $0.56 |
| Total | $2.78 |