**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tisha Castillo, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>George Harry Johnson, et al.,<br><br>  Defendants. | No. CV-17-04688-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants' motion to certify question to the Arizona Supreme Court, which is fully briefed. (Docs. 127, 130, 133.) For the following reasons, the Court will deny Defendants' motion.[1]

**I. Background**

On November 15, 2018, George Johnson, Johnson Utilities LLC ("Johnson Utilities"), Johnson International Inc. ("Johnson International"), and James Norton (collectively the "Bribery Defendants") moved to dismiss Plaintiffs' complaint as barred by the filed rate doctrine. (Doc. 78.) On September 5, 2019, the Court denied Bribery Defendants' motion to dismiss. (Doc. 120.) In its decision, the Court noted a lack of Arizona precedent adopting or rejecting the filed rate doctrine, but declined to certify the question whether Arizona had, indeed, adopted a version of the filed rate doctrine to the

---

[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Arizona Supreme Court, concluding that it could resolve Bribery Defendants' motion without answering the question. (*Id.* at 6-9.) The Court explained that, even if Arizona had adopted a filed rate doctrine, it would not apply here because the Commission repudiated the doctrine when it disclaimed authority to regulate conduct identical to that challenged in Plaintiffs' complaint in *Delton Munday, et al.*, ACC Docket No. WD-02987A-17-0192. (*Id.* at 9-11.) On September 26, 2019, Defendants filed their motion to certify question to the Arizona Supreme Court, asking the Court to reconsider its decision not to certify the filed rate question. (Doc. 127.) Particularly, Defendants request the Court to certify the following question to the Arizona Supreme Court: "Whether Arizona law precludes a Court from hearing a claim by a rate payor that a utility's rates were set too high because of the utility bribing a Commissioner." (*Id.*) Defendants' motion is ripe.

## II. Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

## III. Discussion

In its motion, Defendants urge that the Court "could" and "should" certify their

proposed question to the Arizona Supreme Court. (Doc. 127.) The Court thoroughly considered the appropriateness of certifying a filed rate doctrine question to the Arizona Supreme Court when ruling on the Bribery Defendants' motion to dismiss. (Doc. 120 at 6-11.) It determined in its discretion that certification was not proper. *See Smith v. Allstate Ins. Co.*, 202 F. Supp. 2d 1061, 1064 (D. Ariz. 2002). Defendants have made no showing that the Court's determination was manifestly erroneous, have presented no new facts, and have produced no new legal authority that could not have been brought to its attention earlier with reasonable diligence to justify its request. The Court stands by its prior determination.

Particularly, the Court concluded that it need not determine whether Arizona had adopted a version of the filed rate doctrine because, even had it done so, the doctrine would not bar jurisdiction here considering the Commission disclaimed jurisdiction over all issues raised in Plaintiffs' complaint in its *Munday* decision, thereby repudiating application of any filed rate doctrine to this case. (*Id.* at 9-11 (citing Doc. 96-1).)[2] Defendants now assert that the Court's conclusion would be sound had the Commission also disclaimed its jurisdiction to determine the reasonableness of the utility's rate. (Doc. 127 at 5.) However, as the Court explained in its order denying Bribery Defendants' motion to dismiss (Doc. 120 at 11), the reasonableness of Johnson Utility's rate is not at issue in this case. Rather, Plaintiffs are challenging the Bribery Defendants' *conduct* in inducing the setting of a higher rate base.[3] Thus, the Commission disclaimed jurisdiction over the claims asserted by Plaintiffs, despite maintaining jurisdiction over the issue of whether the utility's rate was reasonable in *Munday*. Consequently, any potential filed rate doctrine would be inapplicable here, and certification of a file rate doctrine question to the Arizona Supreme

---

[2] Defendants assert, without authority and in the face of contrary Ninth Circuit authority, *Carlin v. DairyAm., Inc.*, 705 F.3d 856, 868 (9th Cir. 2013) (citing *Verizon Del., Inc. v. Convad Commc'ns Co.*, 377 F.3d 1081, 1089 (9th Cir. 2004)), that the Commission cannot repudiate the filed rate doctrine. (Doc. 133 at 2-3.) The Court rejects this argument.

[3] Defendants' proposed question to the Arizona Supreme Court—which describes the issue to be whether the "utility's rates were set too high"—mischaracterizes the nature of Plaintiffs' claims. (Doc. 127 at 1.) Thus, even if the Court were to certify a filed rate doctrine question to the state supreme court, which it will not, it would not certify Defendants' proposed question.

Court would be inappropriate.

**IT IS ORDERED** that Defendants' motion to certify question to the Arizona Supreme Court (Doc. 127) is **DENIED**.

Dated this 13th day of December, 2019.

Douglas L. Rayes
United States District Judge