**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tisha Castillo, et al., | No. CV-17-04688-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| George Harry Johnson, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for class certification, which is fully briefed. (Docs. 129, 167, 176.) For the following reasons, the Court will grant Plaintiffs' motion.[1]

Plaintiffs move the Court to certify the following class: All Johnson Utilities customers who paid for water and/or wastewater services between October 2011 and the date judgment is entered in this lawsuit.[2] Federal Rule of Civil Procedure 23 directs the Court to certify a case to proceed on a class basis where the proposed lead plaintiffs meet the four requirements of Rule 23(a) and at least one requirement of Rule 23(b). Under Rule 23(a), a party must show, "(1) the class is so numerous that joinder of all members is

---

[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] Plaintiffs originally defined the class as all Johnson Utilities customers who paid for water and/or wastewater services between January 1, 2011 and the date of judgment's entry (Doc. 129 at 2), but conceded that an October 2011 start date is appropriate in response to Defendants' contentions that the first allegedly corruptly inflated bills were not issued until that month. (Doc. 176 at 3.)

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019) (citations omitted).

Defendants largely do not dispute that the proposed class meets the Rule 23(a) prerequisites. Nevertheless, the Court has conducted an independent analysis and finds that Plaintiffs' proposed class meets the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequate representation. Beginning with numerosity, the class consists of approximately 30,000 individuals, a quantity so great that joinder of all members is impracticable. *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 594 (E.D. Cal. 2008) (concluding that class exceeding one thousand members satisfied the numerosity requirement). The commonality factor is similarly satisfied because the class members allege that they all suffered the same injury—unlawful increase of their water/wastewater rates—resulting from the same conduct—Defendants' bribery scheme. In other words, all class members' claims depend on the answer to a single question: whether Defendants engaged in an unlawful bribery scheme that fraudulently inflated water/wastewater rates. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550-51 (2011) (explaining that the commonality factor requires "a plaintiff to show that there are questions of law or fact common to the class"). Next, because all Johnson Utilities' water/wastewater customers' bills have been uniformly increased by the same proportion as a result of Defendants' allegedly illicit conduct, any class members' claims are typical of the class' claims as a whole. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). Finally, the adequate representation factor is met because the representatives' interests are not antagonistic to the interests of the class, it is unlikely that the action is collusive, and counsel for the class is qualified and competent. *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994); *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004).

Defendants instead argue that Plaintiffs' proposed class does not meet at least one requirement of Rule 23(b) and that Plaintiffs' claims fail as a matter of law. The Court will

address Defendants' arguments, in turn.

First, Defendants assert that Plaintiffs' proposed class does not meet the Rule 23(b)(3) requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members," arguing that Plaintiffs fail to establish that the damages are capable of measurement on a class-wide basis. (Doc. 167 at 3) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)). Particularly, Defendants contend that Plaintiffs over-simplify their damage calculations by neglecting to account for the six subclasses within the proposed class. Defendants explain that ratepayers should be divided into residential, residential-mobile home, commercial, landscape, and public authority subgroups because each group pays different monthly minimum usage fees, and that these subgroups should be further subdivided based on those charged or not charged monthly water/wastewater fees during certain periods.[3] (*Id.* at 3-4.) If the Court certifies the class as is, Defendants argue, certain class members will receive a windfall to the detriment of other class members.

At the class certification stage, the Court must conduct a rigorous analysis to ensure that a plaintiff's theories are tied to its damage calculations, even if such analysis requires assessing the merits of a plaintiff's claims. *Comcast*, 569 U.S. at 35. After performing this analysis, the Court rejects Defendants' argument. Shared questions of law or fact predominate questions affecting individual members because the same issue—the proportion of the customer's bill attributable to the allegedly corrupt rate increases—applies across the board. (Doc. 176 at 5.) In other words, although each class member's damages might vary in amount, the damages themselves are all traceable to the same injurious course of conduct underlying Plaintiffs' legal theory—the alleged bribery scheme. Consequently, the damages are easily measured on a non-speculative class-wide basis. *See Nguyen v. Nissan North Am., Inc.*, 932 F.3d 811, 817 (9th Cir. 2019) ("*Comcast*

---

[3] Plaintiffs agree that the increase in rates as to wastewater began in October 2011 and continues, whereas the increase in rates as to water only endured from July 2013 until September 2018. Stated differently, wastewater-only customers' damages run from October 2011 to present, water-only customers' damages run from July 2013 to September 2018, and damages of customers of both services run from October 2011 to present. (Doc. 176 at 5.)

1  did not alter our holding that individualized damages issues do not alone defeat
2  certification."); *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168 (9th Cir. 2014) ("So long
3  as the plaintiffs were harmed by the same conduct, disparities in how or by how much they
4  were harmed did not defeat class certification."); *Just Film, Inc. v. Buono*, 847 F.3d 1108,
5  1120 (9th Cir. 2017).

6  Second, Defendants assert that class certification is inappropriate because the
7  damages sought by Plaintiffs cannot stem from a single theory of liability—the alleged
8  bribery scheme—because the alleged 2011 bribe was paid after, rather than before,
9  Decision No. 72579. Similarly, Defendants contend that Plaintiffs cannot show that the
10 bribery scheme was the "but for" cause of Decision No. 73992 in 2013. Notably, at the
11 class certification stage, consideration of the merits "must be strictly limited to determining
12 whether the Rule 23 prerequisites for class certification are satisfied, and "[t]he Court is
13 required to take the substantive allegations of the complaint as true." *Mix v. Asurion Ins.
14 Servs. Inc.*, No. CV-14-02357-PHX-GMS, 2016 WL 7229140, at *7 (D. Ariz. Dec. 14,
15 2016) (citations and internal quotations omitted). Here, it is premature for Defendants to
16 argue that the evidence does not support causation as a matter of law. *See Sali v. Corona
17 Reg'l Med. Ctr.*, 909 F.3d 996, 1004-5 (9th Cir. 2018) (citations and internal quotations
18 omitted) ("[T]he possibility that a plaintiff will be unable to prove his allegations. . . is
19 [not] a basis for declining to certify a class which apparently satisfies Rule 23.") As a
20 result, the Court takes Plaintiffs' allegation, that the alleged bribery scheme caused the rate
21 increases, as true and delves no further.

22 Third, Defendants argue that class certification is improper because Plaintiffs
23 improperly request a judicial reset to the 2010 rates and a finding that Johnson Utilities'
24 rates were unreasonable. However, the Court previously rejected these "filed rate doctrine"
25 arguments, underscoring that Plaintiffs are challenging the conduct of bribery in inducing
26 the setting of a higher rate base, not the reasonableness of the rates themselves. (Doc. 158
27 at 3.) Therefore, Defendants' third argument is rejected. Accordingly,
28 //

**IT IS ORDERED** that Plaintiffs' motion to certify class (Doc. 129) is **GRANTED**.

Dated this 26th day of February, 2020.

Douglas L. Rayes
United States District Judge