**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tisha Castillo, et al., | No. CV-17-04688-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| George Harry Johnson, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for leave to file second amended complaint, which is fully briefed. (Docs. 178, 189, 190, 191, 197.) For the following reasons, the Court will grant Plaintiffs' motion in part.

Leave to amend shall be freely granted "when justice so requires." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (quoting Fed. R. Civ. P. 15(a)). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990); *see also Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (noting that inferences should be drawn "in favor of granting the motion"). In determining whether leave to amend is appropriate, the Court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs,* 170 F.3d at 880. Defendants ask the Court to deny Plaintiffs' motion, arguing that the proposed amendment is futile for four reasons. While Defendants are correct that Plaintiffs' addition of count four is futile, the remainder of the amendment

is granted, as explained below.

Defendants correctly assert that Plaintiffs' addition of count four—bringing a claim pursuant to RICO 18 U.S.C. § 1962(c) against George Johnson, Johnson Utilities LLC, Johnson International Incorporated, and James Norton for civil conspiracy to violate the Arizona conflicts of interest and emoluments statutes, A.R.S. §§ 38-503(B), 38-504(C), and 38-505(A)—is futile. In Arizona, there is no civil action for conspiracy. However, there is an action for damages caused by acts committed pursuant to a conspiracy. *Estate of Hernandez v. Flavio*, 930 P.2d 1309, 1313 (Ariz.1997). Yet, such actions cannot survive a motion to dismiss if the plaintiff fails to plead a cognizable underlying tort. *Placencia v. I-Flow Corp.*, No.CV-10-2520-PHX-DGC-2011 WL 1361562, at * 3-4 (D. Ariz. Apr. 11, 2011). Because the violation of A.R.S. §§ 38-503(B), 38-504(C), and 38-505(A) is not a cognizable tort that provides Plaintiffs a justiciable remedy, conspiracy to violate these statutes cannot be a RICO predicate offense. Therefore, Plaintiffs' inclusion of count four is futile.

Second, Defendants argue that Plaintiffs' added allegation of willful concealment in violation of A.R.S. § 13-2311 under RICO is futile because willful concealment is not a violation of state law defined as racketeering activity under 18 U.S.C. § 1961(1)(A). (Doc. 189 at 3.) The Court construes RICO liberally in accordance with Congress' intent. Pub.L. 91–452, Title IX, Section 904(a), 84 Stat. 941 (1970), *reprinted in* 1970 *U.S. Code Cong. & Admin. News* 4007. Section 1961(1)(A) defines racketeering activity in violation of state law as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under state law and punishable by imprisonment for more than a year."

In the absence of Ninth Circuit case law on point, the Court will not attempt to define the scope of what may properly be considered an offense "involving bribery." For present purposes, and construing RICO liberally, the Court concludes that the violation of A.R.S. § 13-2311 alleged in the proposed second amended complaint constitutes an act involving

bribery under 18 U.S.C. § 1961(1)(A).  The Court is persuaded by the Southern District of New York's rationale in *Beth Israel*, which explained, "a state-law offense in which bribery is alleged to have played a major role, and which is punishable by more than a year's imprisonment, is an 'act . . . involving . . . bribery' which may serve as a predicate RICO offense." *Beth Israel Med. Center v. Smith*, 576 F. Supp. 1061, 1067 (S.D.N.Y. 1983).  Here, Plaintiffs claim that Defendants' actions violate A.R.S. § 13-2311, are punishable by more than a year's imprisonment, and wholly stemmed from their bribery scheme.  (Doc. 197 at 6.)  Thus, not only did bribery play a "major role," but also it was the concealing conduct's catalyst.  In other words, but for the bribery scheme, no concealment scheme would have developed; that which Defendants sought to conceal was the bribery.

Third, Defendants assert that Plaintiffs' fraudulent transfer claim against fourteen newly added transfer defendants is futile because Plaintiffs fail to state a claim of relief against them.  (Doc. 189 at 7-10.)  The Court previously considered and rejected this argument as applied to the previously added transfer defendants on a motion to dismiss. (Doc. 77 at 1; Doc. 120 at 11-14.)  The Court will not reconsider its prior ruling, which was based on identical allegations.

Fourth, Defendants contend that Plaintiffs' second amended complaint is futile because Plaintiffs have failed to name an indispensable party, EPCOR.  The Court declines to consider this issue currently because Johnson Utilities is presently contesting the propriety of the imposition of EPCOR as its interim manager before the Arizona Supreme Court.  If Johnson Utilities' challenge is successful and EPCOR is removed as interim manager, this issue will be mooted.  If Johnson Utilities' challenge is unsuccessful, the Court will consider whether EPCOR is a necessary party once the parties notify it of the Arizona Supreme Court's decision and file the appropriate motions.  Accordingly,

//
//
//
//

**IT IS ORDERED** that Plaintiffs' motion for leave to file second amended complaint (Doc. 178) is **GRANTED IN PART**. Plaintiffs shall file their second amended complaint, excluding its proposed fourth count, within 7 days of the date of this order.

Dated this 1st day of May, 2020.

Douglas L. Rayes
United States District Judge