**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tisha Castillo, et al., | No. CV-17-04688-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| George Harry Johnson, et al., | |
| Defendants. | |

One year-and-a-half after Plaintiffs added their fraudulent transfer claims to their first amended complaint, Defendants move to bifurcate and stay them until the remainder of the case has been resolved. (Doc. 188.) The motion is fully briefed (Docs. 188, 196, 206) and will be denied.[1]

The Court has broad discretion to bifurcate issues and claims for trial, and to order discovery to proceed in a convenient manner. *See* Fed. R. Civ. P. 26, 42(b); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016). When making these determinations, the Court considers factors such as "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing the risk of confusion." *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). "With respect to judicial economy, additional considerations include (1) whether evidence to be offered in the proposed phases

---

[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

will overlap, . . . and (2) whether unnecessary costs can be avoided by resolution of dispositive preliminary issues[.]" *Arizona v. ASARCO*, CV-08-441-TUC-DCB, 2011 WL 13185802, at *1 (D. Ariz. Jan. 11, 2011) (internal quotations and citations omitted). Defendants, as the movants, are responsible for showing that bifurcation is convenient, economical, or would avoid prejudice. *Id.* They have not done so.

On the contrary, it would be wasteful to bifurcate the transfer claims from the rest of the case after the parties have conducted months of discovery—and even engaged in discovery disputes—related to them. Although Defendants contend that bifurcation is appropriate because the discovery deadline approaches while significant discovery must yet be conducted as to the fraudulent transfer claims, it seems more practical to address this issue by requesting an extension of the discovery deadline, rather than bifurcation.[2]

Moreover, Plaintiffs have alleged, and Defendants do not dispute, that the same few witnesses overlap for all claims.  It would make little economic sense to travel to and depose each witness on the bribery claims, only to depose the exact same witness again, perhaps years later as evidence becomes stale, on the fraudulent transfer claims. Bifurcating the claims also risks the need for two separate and costly trials, and the Court is unpersuaded by Defendants' speculation that "a trial on the fraudulent transfer claims will never become necessary."  (Doc. 188 at 7.)

The Court is similarly unpersuaded that the fraudulent transfer claims are wholly divorced from the bribery claims.  Rather, evidence of the fraudulent transfer arrangement might be relevant to showing the Defendants' motive to enter the bribery scheme.  *States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (holding that motive and personal financial gain were relevant considerations for the jury when deciding the defendant's participation in an illicit scheme).  Defendants' assertion that Plaintiffs do not need evidence of the fraudulent transfers to prove motive and financial gain, because Plaintiffs already have access to Defendants' tax returns, is misguided.  Plaintiffs are not limited to one route in proving their case.  The Court finds the remainder of Defendants' arguments in support of

---

[2] This approach is all the more preferable in light of the interlocutory appeal and the Court's request for briefing on the appropriateness of a stay.

bifurcation and a stay unconvincing.  Accordingly,

**IT IS ORDERED** that Defendants' motion to bifurcate and stay Plaintiffs' fraudulent transfer claims (Doc. 188) is **DENIED**.

Dated this 12th day of May, 2020.

Douglas L. Rayes
United States District Judge

- 3 -