# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Tisha Castillo, Karen Christian, and Steve Pratt, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>George Harry Johnson and Jana Johnson, a married couple; Johnson Utilities, LLC; Johnson International, Inc.; George Johnson and Jana Johnson as trustees of The George H. Johnson and Jana S. Johnson Revocable Trust dated July 9, 1987; James Franklin Norton; Ultra Management, L.L.C.; Hunt MGT., LLC; Roadrunner Transit, L.L.C.; Chris Johnson and Jane Doe Johnson, husband and wife; Barbara Johnson and John Doe Johnson, wife and husband; Chris Johnson and Barbara Johnson, as trustees of Pinetop Trust II; December Companies, Inc., an Arizona corporation; Chris and Margaret Johnson as trustees of The Chris Johnson Family Trust dated September 14, 2000; BARJO LLC, an Arizona limited liability company; Barbara A. Johnson as trustee of The B.A.J. Living Trust,<br><br>Defendants. | No. 2:17-cv-04688-DLR<br><br>**TEMPORARY RESTRAINING ORDER WITH NOTICE**<br>**-AND-**<br>**ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Before the Court is Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction (the "Application"). Based on Plaintiffs' Application and having considered the arguments and presentations of counsel, and good cause appearing therefor,

The Court hereby GRANTS the requested Temporary Restraining Order.

CORE/3503617.0002/163592252.8

# FINDINGS

The reasons for the issuance of this Order include all of those stated in the Application, which this court incorporates herein as its findings/conclusions. These findings include, but are not limited to, the following:

1. There is evidence in the record that Defendant George Johnson paid money that was directed to the spouse of an Arizona Corporation Commissioner with the intent that it influence, and that did in fact influence, the Commissioner to vote on two matters in the way that Defendant Johnson desired, in violation of Ariz. Rev. Stat. § 13-2602.

2. After evidentiary hearings, the Arizona Corporation Commission (ACC) ruled that Johnson Utilities, LLC ("JU") has transferred millions of dollars in cash out of JU to the parties identified in Plaintiffs' Second Amended Complaint (Doc. 207) as the Fraudulent Transfer Defendants.

3. Plaintiffs have presented evidence that these transfers are fraudulent, as defined in A.R.S. §§ 44-1004(A), (B), -1005.

4. On October 5, 2020, EPCOR Water Arizona, Inc. ("EPCOR") and JU jointly applied to the ACC to approve the sale of all of JU's assets to EPCOR (the "Asset Sale").

5. Based on publicly-available documents, JU will receive at least $65 million from the Asset Sale (the "Sale Proceeds").

6. The joint application requested that the Asset Sale be approved by the ACC in time to close by December 31, 2020, at which time JU will receive the Sale Proceeds.

7. There is a sufficient likelihood that JU will transfer the Sale Proceeds, or otherwise dissipate them, unless it is enjoined from doing so.

8. This Order is therefore warranted to preserve the status quo.

2

## **CONCLUSIONS**

Based upon these findings, the Court concludes:

1. Plaintiffs have demonstrated the presence of "serious questions" and at least "a fair chance of success" on the merits of its claims.

2. Plaintiffs face immediate and irreparable harm due to the likelihood that JU will transfer, dispose of, or dissipate the Sale Proceeds without this Order.

3. The potential injury to Plaintiffs is irreparable and warrants the entry of this Order because if JU transfers or otherwise disposes of the Sale Proceeds, JU will be rendered judgment-proof.

4. The balance of hardships tips sharply in Plaintiffs' favor because they will suffer irreparable harm if this Order is not granted, while JU will not suffer substantial harm if this Order is granted.

5. The public interest favors injunctive relief because Plaintiffs, a class of 40,000 JU wastewater customers and 30,000 JU water customers, seek to recover payments that were allegedly fraudulently charged.

6. Plaintiffs have complied with Rule 65(d) of the Federal Rules of Civil Procedure.

**THEREFORE, IT IS HEREBY ORDERED** that to preserve the status quo, Defendant Johnson Utilities is hereby enjoined and restrained from transferring, secreting, assigning, pledging, mortgaging or hypothecating the Sale Proceeds without prior court approval.

**IT IS FURTHER ORDERED** that Johnson Utilities may deposit the Sale Proceeds in federally-insured depository accounts, and may also invest the Sale Proceeds in publicly-traded readily marketable securities. All account statements relating to any such deposits or investments must be provided to counsel for Plaintiffs within five calendar days of Johnson Utilities receipt of such statements.

CORE/3503617.0002/163592252.8

**IT IS FURTHER ORDERED** that this Order is immediately effective and shall expire after the hearing set on _____, 20__, unless further Order is issued by this Court.

**IT IS FURTHER ORDERED:**

☐  No bond shall be posted by Plaintiffs; OR

☐  Plaintiffs shall post a bond in the amount of $_____ prior to a hearing on the preliminary injunction they requested.

**IT IS FURTHER ORDERED**, setting a hearing on _____, 20___, at _____ o'clock a.m./p.m. to determine whether there is good cause to continue this Order to supplant it with a Preliminary Injunction pending trial of this matter on the merits.

**IT IS FURTHER ORDERED** that the preliminary injunction hearing set in this case shall be held at 401 W. Washington St., Phoenix, Arizona 85004, Courtroom ___, or by video conference as set forth in General Order 20-40.

**IT IS FURTHER ORDERED** that Plaintiffs shall ensure that each affected party is provided with a copy of this Order.

4

CORE/3503617.0002/163592252.8